No. 2,159.

BENJAMIN F. M. PACKARD, Respondent, v. ISAAC BIRD and JOHN CHAPMAN, Appellants.

Judgment Roll.—What Constitutes.—An order sustaining a demurrer to a defendant's cross-complaint, and the bill of exceptions, constitute a part of the judgment roll. So also does the motion to strike out parts of pleadings when referred to in the bill of exceptions.

Idem.—Interlocutory Decree.—An interlocutory judgment comes within the spirit and meaning of the statutory requirement that the judgment shall constitute a portion of the judgment roll.

CONTRACT.—CONTRARY TO PUBLIC POLICY.—An agreement between a judg-
ment creditor and one claiming an interest in the thing about to be sold
under an execution against a third person, that neither shall bid against
the other, but that the claimant shall and may buy in the property, is
void as contrary to public policy.

APPEAL from the District Court of the Third District,
Santa Clara County.

Action to compel execution of a deed.

In 1864 Bird sold land to Chapman, received his money,
but gave a bond for a deed at Chapman's request. Cottle
attached the land then in Bird's possession, as the property
of Chapman. Bird answered it was Chapman's property,
but that $750 was due therein. Subsequently admitting he
had been paid, Cottle had an execution issued and a sale
took place, Cottle buying in, and subsequently assigning to
Packard the respondent, who received a deed and posses-
sion, and demanded a deed from Bird which was refused.

The answer and cross-complaint of Bird show that $750
was due, from Chapman to Bird for the land. That when
he sold to Chapman he made no deed, but a bond due
on demand for a deed. That he took Chapman's note for
$3,297.50, receiving cash, $702.50, the whole considera-
tion being $4,000. Subsequently Bird borrowed $4,000
of Chapman, and gave his note with other signers, secured
by mortgage. Thereafter Chapman surrendered the note
and took C. T. Bird's (another person), for $702.50, but de-
clined to take up his own note of $3,297.50, as he wished
defendant to hold it and the land, as he, defendant was to
aid with advances, in the settlement of a divorce suit,
between Chapman and wife, in which suit Bird did there-
after become security to the wife, Hannah Chapman, for
$2,000, which when due, he paid, and held the land as
security. The $2,000 he alleges has never been repaid.
Subsequently Hannah Chapman sued Bird for the $4,000
note, claiming that John Chapman, co-defendant, had as-
signed it to her when she was a *femme sole*, and to fore-
close the mortgage. John Bacon also brought a similar

action. Bird answered in both, afterwards, Chapman denying that he had ever bought the land of Bird, and denying that he had Bird's bond for a deed; and claiming that Bird owed him borrowed money, defendant Bird negotiated for a settlement, and agreed with Cottle, with the knowledge of Packard, respondent, that Bird should pay Cottle $500 to release the land from the attachment; but as the bond might come to light and trouble Bird, it was agreed, of which Packard had knowledge and notice, —between Cottle and Bird, that a sale of the land should be had under execution, to shut out Chapman's interest at which Cottle should not bid, but Bird should be permitted to buy it in.

That Cottle was agent for Packard who acquiesced in this arrangement as appellant believes. Relying on this arrangement, Bird settled the suits, paid Cottle's attorney $500, and employed him to bid to that amount. At the sale Cottle violated his agreement, bid $1,000, and bought the property; he received the certificate and assigned it to respondent Packard, in order to defraud appellant. He prays for judgment that Packard be declared his trustee, and be required to deed the land to appellant on payment of the agreed sum of $500, and costs of sale.

To this answer and cross-complaint respondent demurred as ambiguous, uncertain and unintelligible, and as not stating facts sufficient, etc.

Demurrer sustained. Chapman's default entered. Plaintiff moved to strike out parts of the answer. The Court made an interlocutory judgment that Bird make the deed, and lift certain incumbrances on the land, within thirty days. A final decree was thereafter entered, reciting the discharge of the incumbrances, and directing Bird to execute the deed, or in default, naming a commissioner so to do; defendant Bird appealed from the judgment and final decree. A bill of exceptions was presented by appellant and signed by the judge of the Court.

*Moore, Laine & Silent,* for Appellants.

Chapman's refusal to complete the sale is a matter of

defence, for, in an action by Chapman against Bird for specific performance, Bird could have set it up.  See, also, *Smith* v. *Yale*, (31 Cal. 180), where it is shown that the rule is that a person purchasing land in possession of another than the grantor, is charged by law with the duty of inquiring by what title the possessor holds.

The title of Cottle, or of Packard, at best, was but equitable.  *(Dupont* v. *Wetherman*, 10 Cal. 354, and authorities there cited).

Equity makes the vendor without a deed a trustee to the vendee for the conveyance of the title.  (4 Peters. U. S. Rep. 506.)

Packard, having purchased Chapman's interest, stood in his shoes, and was bound in equity as was Chapman.  This case is within the principle announced in (10 Cal. 150.)

The statute of frauds will not in equity be allowed to make a cloak for fraud.  (21 Cal. 92).

The agreement between Cottle and Bird amounted to a sale of the interest of Cottle, and from the moment of its completion, Bird held both the legal and equitable title. This was not an agreement void as against public policy, for no improper motive entered into it; Chapman denied having an interest, but the bond might give Bird trouble, to make him secure this course was adopted.  *(Bame* v. *Drew*, 4 Denio, 287).

When a contract which is illegal or opposed to public policy has been executed, in whole or in part, and the parties are in *pari delicto*, neither a Court of Law nor of Equity will interpose to give relief to either party.  *(Adams* v. *Barrett*, 5 Geo. 404; 5 Texas, 512).

*J. Alexander Yoell*, for Respondent.

Nothing but the judgment roll can be considered on an appeal from a final judgment.  *(Wetherbee* v. *Davis*, 33 Cal. 549).

The bill of exceptions has no place in the transcript as it is not authorized by Secs. 188, 189 or 190 of the Practice Act, 33 Cal. (*supra*).

It was never filed, as appears by the transcript, and its recitals contradict the record.

The interlocutory decree has no place in the transcript, because it is not appealed from, and because more than sixty days have elapsed from and after its entry, and before the appeal was taken.

The transcript does not indentify the parts of the answer demurred to, and this Court cannot discern them under the circumstances.

The denial of the bond by Chapman cannot help Bird, Chapman having confessed the bill. (*Kelly* v. *Wilson*, 33 Cal. 690).

The matters between Mrs. Chapman and Bird, are irrelevant.

The agreement between Cottle and Bird was in no way enforceable. (*Stevenson* v. *Steinburg*, Sac. Union, July 26, 1867, July Term, 1867; *Wilbur* v. *Howe*, 8 Johns. 444; *Doolan* v. *Hard*, 6 Johns. 194; 1 Hittel, Art. 1502, 25 Cal., 653).

An agreement to be specially performed must be certain. (*Carr* v. *Duval*, 14 Pet. 77; 17 How. 340, S. C., U. S.)

Chapman could redeem after the sale, hence Cottle's interest in the land was not sold under the agreement, for he had none. (*Page* v. *Rogers*, 31 Cal. 293.)

And, moreover, it is not averred that it was for the sale of Cottle's equitable interest.

RHODES, C. J., delivered the opinion of the Court, CROCKETT, J., SPRAGUE, J., and WALLACE, J., concurring:

The appeal was taken from the judgment alone. The plaintiff objects, under rule thirteen, to certain portions of the transcript. The objection must be overruled, as to the order sustaining the demurrer to the cross-complaint, and the bill of exceptions, because they properly constitute a part of the judgment roll. The motion to strike out portions of the answer will also be retained, as it is referred to in the bill of exceptions—one of the points therein saved, being the order sustaining the

motion.   The statute does not expressly provide that an interlocutory judgment shall constitute a portion of the judgment roll, but as such judgments often determine the rights of the respective parties, there is a manifest propriety in inserting them in the judgment roll.   We are of the opinion that an interlocutory judgment comes within the spirit and meaning of the statutory requirement, that the judgment shall constitute a portion of the judgment roll.

There are several of the grounds of demurrer which we cannot consider, for the reason urged by the plaintiff—that it cannot be ascertained from the transcript, to what portions of the cross-complaint the several grounds respectively apply.   Distinct portions are demurred to, and such portions are described by reference to the pages and lines of the pleadings; but there is nothing in the transcript to indicate to what portions the demurrer applied.

The defendant, Bird, in order to maintain his claim to affirmative relief, is compelled to rely upon the contract entered into between him and Cottle, in respect to the purchase of the interest of Chapman in the premises—at the sale under the execution issued upon the judgment of Cottle against Chapman.   It was, among other things, agreed between them that Cottle would not bid at the sale, but that Bird should be allowed to purchase Chapman's interest in the lands.   The direct effect of that branch of the agreement, was to prevent bidding at the sale under the execution; and it cannot be doubted that such an agreement is contrary to public policy, and therefore void.   This question properly arises on the demurrer, on the ground that the cross-complaint does not state facts sufficient to constitute a cause of action against the plaintiff; and the demurrer was correctly sustained on that ground.   The whole contract being vitiated by this agreement, the defendant was left without any cause of action against the plaintiff, as the assignee of the Cottle judgment, and the purchaser at the execution sale.

Judgment affirmed.

TEMPLE, J., expressed no opinion.