### DAN RUST, ALIAS BURSH, v. THE STATE.

*No. 7936.   Decided June 11.*

1. **Practice — Former Conviction, Judgment on — Bill of Exceptions.**—On a trial for burglary, where the defendant interposed a plea of former conviction for theft, to which plea the prosecution filed a special exception, and the court sustained said exception and dismissed the plea upon the ground that the conviction for theft did not bar the prosecution for burglary, to which ruling defendant saved a bill of exceptions, but there was no order or judgment of court showing the disposition made of the special plea of former conviction, *held*, that inasmuch as by the terms of our statute (Revised Statutes, article 1107), "all judgments of the courts shall be entered of record," and this necessarily includes interlocutory judgments, such judgments, orders, or decrees can not be perpetuated by a bill of exceptions where they have not been entered of record.

2. **Practice—Judgment on Exception or Demurror to Pleadings.** A judgment on exception or demurrer is as much a part of the record as, any other judgment, decree, or order that may be rendered in the case, and is final unless the party pleads over or amends.   It should be entered of record so that it may appear in the transcript on appeal, where it is sought to have the same revised.

3. **Burglary and Theft.** — Burglary and theft committed in one and the same transaction may both be prosecuted and punished as separate offenses, though not as joint offenses.   It is expressly provided by article 712 of the Penal Code, that the party committing burglary shall be punished for the burglary, and also for whatever other offense he may have committed after the burglarious entry.

4. **Same—Former Jeopardy.**—Our statute (Penal Code, article 712) with regard to burglary, which permits a punishment both for burglary and also for whatever other offense that may have been committed, is not obnoxious to the constitutional objection that it puts the defendant twice in jeopardy for the same offense.

APPEAL from the District Court of Travis.   Tried below before Hon. WM. M. KEY.

Appellant was tried and convicted under an indictment charging him with burglary, and his punishment assessed at two years imprisonment in the penitentiary.   It is not deemed necessary to state the evidence in the case.

No briefs have come into the hands of the Reporter.

DAVIDSON, Judge.—Separate indictments were presented by the grand jury, charging appellant with burglary and theft. When placed upon his trial for burglary, he, in addition to his plea of not guilty, interposed his plea of former conviction for theft in bar of this prosecution for burglary. A bill of exception contained in the transcript discloses, that exceptions to this special plea were sustained upon the ground that the conviction for theft did not bar this prosecution for burglary.

The record contains no order or judgment of the court showing the disposition of the plea. It is sought to perpetuate this ruling of the court by the bill of exceptions. Our Code of Criminal Procedure provides that, " on the trial of any criminal action, the defendant, by himself or counsel, may tender his bill of exceptions to any decision, opinion, order, or charge of the court, or other proceeding in the case, and the judge shall sign such bill of exceptions, under the rules prescribed in civil suits, in order that such decision, opinion, order, or charge may be revised upon appeal." Code Crim. Proc., art. 686. In civil suits it is well settled that all judgments, orders, and decrees must be entered of record in courts of record. Davidson v. Murphy, 13 Conn., 213; Meeker v. Van Rensselaer, 15 Wend., 397; Jones v. Walker, 5 Yerg., 427; Boker v. Bronson, 5 Blatchf., 5; Packard v. Bird, 40 Cal., 378; Freem. Judg., sec. 84.

Article 1107 of the Revised Statutes requires, that the clerk of the District Court shall " keep a fair record of all acts done and proceedings had in their respective courts; they shall enter all judgments of the court, under direction of the judge, and shall keep a record of all executions issued and of the returns thereon, in record books to be kept for that purpose." The minutes of the proceedings of each preceding day of the session of the court shall be read in open court on the morning of the succeeding day, and at the end of the term shall be read and signed by the judge in open court. Rev. Stats., art. 1129. By the terms of the statute, " all judgments of the court shall be entered of record." While interlocutory judgments are not expressly mentioned, yet they are evidently included under the general expression, " all judgments." Freem. Judg., sec. 84; Packard v. Bird, 40 Cal., 378.

While our statute provides, that bills of exception may be reserved to "any decision, opinion, order, or charge of the court, or other proceedings in the case," yet that provision does not avoid the necessity of the record of such decision or order of the court. It rather conveys the idea that such recited orders, opinions, decisions, and judgments should be entered of record in the minutes of the court. It does not convey the idea that an order, decree, or judgment may or can be perpetuated by a bill of exceptions. While a bill of exceptions may be taken to the ruling

of the court upon demurrer, yet it has not been held that such bill was or is necessary.    Pizano v. The State, 20 Texas Ct. App., 139; Hamlin v. Reynolds, 22 Ill., 207; Bank v. Buckingham, 12 Ohio St., 402; Pow. App. Proc., p. 211, sec. 3; Id., p. 215, sec. 9, and notes.    One of the rules prescribed by our Supreme Court for the government of the District Court provides, that under such circumstances no bill of exceptions shall be taken to the ruling of the court.    Dist. Ct. Rule 53.    In fact, this rule seems to be one of universal practice, in so far as we are advised, and a judgment on an exception or demurrer is as much a part of the record as any other judgment, decree, or order that may be rendered in the case, and by the modern practice is final, unless the party pleads over or amends.    Hamlin v. Reynolds, 22 Ill., 207; Bank v. Buckingham, 12 Ohio St., 402; Pow. App. Proc., p. 211, sec. 3; Id., p. 215, sec. 9.

Plea of former conviction or former jeodardy is a written pleading in a criminal case, and the judgment of the court sustaining a demurrer thereto is final, and eliminates the plea from the cause, unless amended. The transcript in this cause fails to show the entry of a judgment of the court sustaining the exceptions urged against defendant's special plea. This should have been done.    But suppose we are wrong in this position, and indulge the presumption that such judgment was entered, but omitted from the transcript, or it be granted that the point is sufficiently presented by the bill of exceptions found in the record, then we are of opinion that the ruling of the court is correct.    Our statute provides:    "If a house be entered in such manner as that the entry comes within the definition of burglary, and the person guilty of such burglary shall, after so entering, commit theft or any other offense, he shall be punished for burglary, and also for whatever other offense is so committed."    Penal Code, art. 712.    The question raised by the special plea has been several times before this court and thoroughly adjudicated, and we do not care to discuss it further, and see no reason for changing the view heretofore expressed.    Howard v. The State, 8 Texas Ct. App., 447; Smith v. The State, 22 Texas Ct. App., 350.

In Howard's case it was held, "that burglary and theft committed in one and the same transaction could both be prosecuted and punished as separate offenses, though not as joint offenses."    Smith v. The State, 22 Texas Ct. App., 350; Howard v. The State, 8 Texas Ct. App., 447.    In Smith's case, the constitutionality of the statute under discussion was directly assailed, and it was there decided that it did not infringe the constitutional immunity accorded defendant for twice being put in jeopardy of life or liberty, and it was sustained as being not in violation of the bill of rights.    Smith v. The State, 22 Texas Ct. App., 350.

It is also urged that the evidence is insufficient to support the conviction.    We do not concur in this view of the testimony.    It is disclosed by the statement of facts, that defendant, on the same day, and very shortly

after the burglary, was in possession of and sold the property taken from the house burglarized. He sought to establish an alibi. This was met by evidence positively identifying him as the party who sold the stolen property. It was the province of the jury to reconcile these conflicts in the evidence, and to pass on the testimony, credibility of witnesses, and weight to be given their evidence, and having decided it adversely to defendant, we can not say the verdict is erroneous. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.