### WILLIS NEWTON v. THE STATE.

#### No. 1530. Decided January 31, 1912.

**1.—Theft—Evidence—Remarks by Judge—Bill of Exceptions.**

Where, upon trial of theft, the State asked the witnesses as to the time of day he went to the gin, whereupon the court asked, "Which gin," directing his remarks to the district attorney and instructing the jury to pay no attention to his remark, there was no error; besides, the bill of exceptions stated no grounds of objection.

**2.—Same—Evidence—Conclusion of Witness—Tracks.**

Where, upon trial of theft, the record showed that the witness went into minute particulars as to the way he knew the tracks that he saw at the place from which the alleged stolen property was taken, and that they were made by boots which he had made for the defendant and his brother, there was no error in the question propounded by State's counsel, that the witness state whether or not these tracks were made by the boots that he made for the defendant, which witness answered in the affirmative; this was not a conclusion of the witness.

**3.—Same—Conduct of District Attorney—Bill of Exceptions.**

Where the district attorney contended that the witness stated the fact that he knew the track was made by boots made by witness for defendant, and the court admonished counsel that he must prove this by the witness, whereupon, the counsel said the witness did state it, but the court instructed the jury not to consider the remarks of the district attorney, there was no error; besides, the bill of exceptions was defective.

**4.—Same—Remarks by Judge—Jury and Jury Law.**

Where the court told the jury, as they were being impaneled for the week, that the matter of testifying for himself was left to the defendant and his counsel, and that they must not refer to his failure to testify; and defendant did not avail himself of this objection at the time his jury was empaneled to try him, but only excepted some days previous when the court made the above general remarks, there was nothing to review; besides, there was no error in the court's action.

**5.—Same—Charge of Court—Principals.**

Where, upon trial of theft, the evidence showed that the defendant and his brother acted together, and that the tracks of two persons were discovered, etc., there was no error in the court's charge on principals.

**6.—Same—Argument of Counsel—Bill of Exceptions—Motion for New Trial—Affidavit.**

In the absence of a bill of exceptions to the remarks of State's counsel, the same can not be reviewed, and an affidavit attached to the motion for new trial can not be considered.

**7.—Same—Charge of Court—Bill of Exceptions.**

In the absence of a bill of exceptions that the court emphasized the word

"reasonable," and did not emphasize the word "certainly" in defendant's special charge, the same can not be reviewed.

### 8.—Same—Burglary—Theft—Distinct Offenses.

Upon trial of theft, defendant could not plead in bar the fact that he was tried for burglary growing out of the same transaction; and that the testimony of a State's witness in the trial for burglary varied from his testimony in the trial for theft can not be considered on motion for new trial; especially, where he did not introduce such testimony.

### 9.—Same—Sufficiency of the Evidence.

Where, upon trial of theft, the evidence sustained a conviction, there was no error.

Appeal from the District Court of Eastland. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. R. Stubblefield,* for appellant.—On the question of the court's charge on principals: Milrainey v. State, 33 Texas Crim. Rep., 577; Tittle v. State, 35 id., 96.

On the question of the court's undue emphasis on the word "reasonable:" Newton v. State, 62 Texas Crim. Rep., 622, 138 S. W. Rep., 708.

On the question of identification of tracks: Newton v. State, 62 Texas Crim. Rep., 622, 138 S. W. Rep., 708.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of theft and sentenced to two years confinement in the State penitentiary. This is the second appeal in this case, the judgment of this court on the former appeal being reported in the 62 Texas Crim. Rep., 622, 138 S. W. Rep., 708, in which will be found a statement of the case.

On this trial, in his first bill of exceptions, appellant complains that when the district attorney asked T. B. Roberts: "Now, at the time you first went to the gin, what time of day was that?" the court asked, "Which gin?" It appears from the record that the cotton alleged to have been stolen was stolen from the Red Tiger gin and carried to the Merchants and Farmers gin, and the testimony of the witness shows that morning he had tracked a wagon from the Red Tiger gin to the other gin. The question of the court could not in any way improperly influence the jury, but when the objection was made, the court instructed the jury: "The court's remarks were directed to the district attorney and you will not pay any attention at all to any remark the court makes to either one of counsel. You get your evidence from the witnesses only, and you will remember

that you pay no attention to the court's remarks." The bill is incomplete in that it states only it was objected to, and no grounds of objection are stated.

While J. D. Carsey was testifying ·as a witness the district attorney asked him: "State whether or not that some of the tracks that you discovered there were made by the boot heel of the boot that you made for the defendant?" to which the witness answered, "Yes, sir." Defendant objected to this testimony on the ground that it called for the opinion and conclusion of the witness. The testimony of this witness goes into minute particulars as to the way he knew the tracks he saw at the place from which the cotton was taken, were made by boots he had made for this defendant, in that he had repaired them, and he could tell by the tracks the repair work he had done. This is not a conclusion or opinion, but a statement of a fact, that he knew the track was made by boots made by him for defendant. Counsel for appellant may not see how the witness could so testify, but the fact is, he did so testify. The argument of counsel might go to its weight, but not to its admissibility. Again, while this witness was on the stand, the defendant reserved a bill to the following proceedings as stated in the bill. The court stated to the district attorney: "On objection, I want you to show that this witness can state that positively as a matter of knowledge;" whereupon the district attorney said: "He does state it." The court then said: "You prove that by the witness." The bill states no ground of objection to this evidence, but merely states that he excepted to this matter, and the bill is insufficient to bring this matter before us for review, but as qualified by the court it presents no error if considered. The court says: "When defendant's counsel made the objection to the witness testifying that some of the tracks were made by the boots witness had made for the defendant, the court told counsel that he would sustain the objection unless the district attorney could show that the witness could state positively that he knew such fact. And when the district attorney said that the witness does state it, the court admonished the district attorney that it was improper for him to make such statement and for him to prove it by the witness and then the court instructed the jury not to consider the said remark of said district attorney."

In his fifth bill defendant sets out at length the remarks of the court made to the jury for the week when it was empaneled on July 10, and then recites: "Between five and ten minutes after the above remarks, the following exception was taken in open court to the court's remarks: J. R. Stubblefield: The defendant I represent specially excepts to the remarks of the court in the presence and hearing of the jury with reference to the defendant testifying and especially that part of the charge in which the court informed the jury that the matter was left entirely to the discretion of the counsel for the defendant because that was a fact that the court could not

know, and because it was a matter in which the defendant had a right to be heard as well as in the judgment of his counsel, to be considered." This case was not called until July 14, and when it was called this objection was not renewed, but in so far as the record shows, the jury to try this defendant was selected without objection to the panel. To have availed himself of the objection made on the Monday preceding this defendant would have had to renew the objection, that had been made when his case was called. This was not done, and therefore the bill presents nothing for us to review. However, nothing in the remarks of the court could have been hurtful, but would rather prove beneficial. In regard to the matter complained of, the court said: "A defendant in a criminal case is permitted by law to testify, but a failure to testify is not even a circumstance of guilt against him. That is a matter which is left entirely to the judgment and the discretion of his attorney and a lawyer might have good reason consistent with the innocence of his client for not placing his client on the stand, and if you should be chosen in a criminal case, where the defendant did not testify you must not only not consider the matter against the defendant for any purpose whatever, but you can not even mention his failure to testify to any of your colleagues in your deliberation." If the jury had been thus instructed in this particular it would have presented no error.

The only other bill in the record is that the court instructed the jury: "All persons are principals, who are guilty of acting together in the commission of an offense." The objection being, "that there is no evidence in the record which authorized the giving of said charge." The court in approving the bill states: "The above bill of exceptions is approved with the following exception, to wit: The testimony showed that two persons were at the gin from which the cotton was taken, their tracks being seen all around where the wagon was standing when loaded out of the said gin; Carsey testified that one of these tracks was made by the boot which he made for the defendant, and that the other track was made by the boot which he had made for the defendant's brother; the defendant and his brother were seen at the other gin to which the alleged stolen cotton had been taken together early the next morning near the cotton, and in about an hour were again seen together down town." It is thus seen that the objection made is not tenable. We can not consider that portion of the motion for a new trial complaining of the remarks of the district attorney in regard to this matter, no bill of exceptions having been reserved. Such matters can not be proven up by the affidavit of a defendant attached to the motion for new trial.

Both special charges requested by the defendant were given, and the criticisms of the court's charge in the motion for a new trial present no error. We can not consider that ground in the motion that "the court erred in the manner of reading the charge—in that he unduly emphasized 'reasonably' and did not place any emphasis on the

word 'certainly'—and in this way strengthened the contention of the district attorney that all the law required was that every 'reasonable' doubt of the defendant's guilt should be excluded." If the court thus emphasized his charge in reading it, it should be shown in a bill of exceptions preserved at the time. In the absence of a bill of exceptions, such allegation in the motion for a new trial can not be reviewed by us.

There is no bill of exceptions No. 4 in the record. If the defendant had already been tried under an indictment charging him with burglary, growing out of this transaction, this did not prevent a prosecution for theft of the property alleged to have been stolen. (Art. 846, Penal Code.) That the evidence of J. D. Head, given at the trial on burglary, and on this trial, may have varied in some particulars, can not be considered on the motion for a new trial. If this be true, it was as well known to defendant at the time of this trial, as it was after verdict was rendered, and if defendant had desired the evidence at the first trial in evidence on this trial he could have introduced it, and that it shows it was the same transaction is immaterial as appellant could be prosecuted for both burglary and theft.

The only other ground in the motion complains of the insufficiency of the evidence. It is a case depending entirely on circumstantial evidence. The court fully charged on this issue. Juries have twice passed on the facts in the case, and both times adjudged appellant guilty. We have carefully read the record, and the circumstances are such that the jury would, in our opinion, be authorized to so find, and they having done so, we will not disturb their verdict.

*Affirmed.*