JOHN MCDONALD AND GEORGE HARPER V. THE STATE.

No. 2406. Decided April 16, 1913.

**1.—Theft—Escape—Affidavit.**

Where, upon appeal, affidavits were filed showing that one of the appellants had escaped from custody, the appeal as to him must be dismissed.

**2.—Same—Sufficiency of Evidence—Recent Possession.**

Where, upon trial of theft, the defendants were found in possession of the stolen goods, without sufficient explanation, the conviction was sustained.

**3.—Same—Burglary—Theft—Separate Offense.**

The conviction of burglary upon the same transaction would not bar a prosecution for theft.

**4.—Same—Possession—No Variance.**

Where, upon trial of theft, the evidence sustained the allegations in the indictment as to the person in possession of the alleged stolen goods, there was no error, although the possession in the burglary case might have been in a different person.

Appeal from the Criminal District Court of Harris. Tried below before the Ton. C. W. Robinson.

Appeal from a conviction of theft of property over the value of $50; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellants were jointly indicted and prosecuted, charged with theft of property over $50 in value, and the punishment assessed against each was four years confinement in the penitentiary.

Pending this appeal affidavits have been placed on file in this court showing that McDonald escaped from custody. Consequently, the appeal as to him will be dismissed.

At the time of their arrest appellants were found in possession of the stolen goods in Harris County, and we think the other circumstances in evidence are sufficient to justify the jury in coming to the conclusion that they were stolen from the cars while they were stopped at the division near Sellars, in Harris County.

The fact that appellants had also been convicted of burglary of this box car would be no bar to the prosecution for theft of goods after the entry had been effected. (Art. 1317, Penal Code.)

We can not know under the record in this case in whom the evidence in the burglary trial showed the car to be in possession of, and the fact that the indictment in that case alleged possession in a different person from whom the possession of the stolen goods are alleged in this indictment, would not necessarily present a variance; in fact, it frequently occurs that a burglarious entry is made in one person's house and goods

of another stolen after the entry. Without attempting to pass on the sufficiency of the proof in the other case in which appellants were charged with burglary of a house belonging to Englehart, in this case the evidence sufficiently shows that Holdner was legally in possession of the goods stolen, he being yard master at Sellars, having the care and control of freight at that point—a division point.

The judgment is affirmed as to George Harper.

*Affirmed.*