### F. L. PARK v. THE STATE.

### No. 3630. Decided June 25, 1915.

### Rehearing denied November 17, 1915.

**1.—Theft—Sufficiency of the Evidence.**

Where, upon trial of theft over the value of $50, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Indictment—Former Jeopardy—Burglary Separate Offense.**

Where, upon trial of theft of property of and over the value of $50, the defendant filed a motion to quash the indictment because he had been tried and convicted of burglary for the same transaction, but filed no plea of former jeopardy, the same was correctly overruled; besides, the offense of theft, committed at the same time, in the same transaction of burglary, is not the same offense, and the accused can be convicted of both offenses.

**3.—Same—Impeachment of Witness—Practice.**

Where, upon trial of theft, the counsel for the State asked the defendant on cross-examination, for the purpose of impeachment, if he had not the day before been convicted of burglary, and the court sustained an objection thereto, there was no reversible error. Following Martoni v. State, 74 Texas Crim. Rep., 90, 167 S. W. Rep., 351, and other cases.

**4.—Same—Bill of Exceptions—Evidence—Practice.**

Where, upon appeal from a conviction of theft, the appellant complained of certain questions to the witness and answers thereto with reference to a cer-

tain waybill, and the remark of the district attorney that this was just taking up the time of the court, but the bill of exceptions did not attempt to show how the appellant was injuriously affected thereby, there was no reversible error.

### 5.—Same—Conduct of District Attorney—Value—Evidence—Bill of Exceptions.

Where, upon trial of theft, the State attempted to prove the value of the alleged stolen property, but the witness did not qualify, so as to testify to the value, whereupon the State's counsel remarked that the witness could stand aside if he did not have sense enough to know such value, but no injury was pointed out in the bill of exceptions, the same was not reversible error.

### 6.—Same—Bill of Exceptions—Evidence—Hearsay.

Where upon trial of theft, defendant's counsel, on cross-examination of the State's witness, asked him whether some one did not tell him about the alleged stolen property as to where it was found, to which the State objected, there was no reversible error in sustaining an objection thereto.

### 7.—Same—Evidence—Bill of Exceptions.

Where the bill of exceptions simply showed that the motion to strike out certain evidence was overruled, but in no way showed what the testimony of the witness was, there was no reversible error.

### 8.—Same—Evidence—Conversation—Question of Fact.

Where, upon trial of theft of certain tires, the defendant moved to strike out all the testimony with reference to a conversation between defendant and others, because said conversation was about another class of tires than that shown by the State's witnesses, and that the jury should be instructed to return a verdict of not guilty, all of which the court overruled, and no error was pointed out in the bill of exceptions, there was no reversible error; besides, all this matter was a question for the jury.

### 9.—Same—Venue—Stating Facts in Opinion.

Where, upon trial of theft of certain automobile tires, the question of venue was not raised in the case, and no bill of exceptions taken, it was immaterial whether the statement by this court as to where the tires were taken, was correct or incorrect, as it had nothing to do with the merits of the case.

Appeal from the District Court of Bastrop.    Tried below before the Hon. Ed R. Sinks.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*G. A. Brown, Aaron Burleson,* and *John T. Duncan,* for appellant:— On question of former jeopardy: Landrum v. State, 40 S. W. Rep., 737.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of the theft of some automobile tires of more than the value of $50, and his punishment assessed at the lowest prescribed by law.

This is a companion case to No. 3631 by the same appellant for burglary, this day decided. The burglary case was tried first. Much of the testimony is the same in both cases. We have carefully read, studied,

discussed and compared the testimony in each case, one with the other. The testimony in this case is much fuller and of additional facts from what was proven in the burglary case. For instance, in this case the way-bill was produced, identified and introduced in evidence and the witnesses testified thereabout it was not introduced in the burglary case. So was other documentary evidence introduced herein which was not introduced in the burglary case.

We think it unnecessary to detail the evidence herein. There is no bill of exceptions in the record, nor is the motion for new trial therein. The only question raised in this court and so stated by appellant's attorneys in oral argument when the case was submitted, is whether or not the evidence was sufficient to sustain the verdict, his contention being that it is not. We are of opinion it is. The testimony in this case was sufficient to show and the jury authorized to find and believe, that the alleged stolen tires were shipped over the Missouri, Kansas & Texas Railway Company of Texas from Dallas by the shipper on April 14, 1914, to the consignee at Houston in a through shipment, in car 70,181, M., K. & T., way-bill No. 1761; that the train on which this car was hauled was hauled by a crew from Dallas to Waco; that appellant received it at Waco and hauled it to Smithville, reaching Smithville at 1:20 p. m. April 16, where he turned over his papers, including said car and its contents, to the local agent there. After reaching Elgin, going to Smithville with this train, appellant told his engineer that he had this car; that it contained automobile attachments and that the bottom of the door of the car had rotted off. The car reached Houston, hauled by the third crew from Smithville to Houston on April 17th, and when it reached there the seals of the car were shown to be unbroken, but the door of one side was rotted out some ten to twelve inches so that a person could pull the door open from the bottom, get in the car, take out the tires and then get out without breaking the seals. That shortly after this car had been hauled from Smithville he and one Terrell in Smithville approached Mr. Eggleston, an automobile man there, went into Eggleston's place of business, called him back privately and asked him if he didn't want to buy some automobile tires. Eggleston replied no; they discussed the matter a while, but on this occasion when Eggleston asked where he got the tires, he told him that he had pulled the car door open, swung it open from the bottom and had gotten the tires out of a car. After Eggleston refused to buy them he asked if there was any place there they could hide them, and Eggleston told him, no. Another witness testified that about 12 o'clock at night appellant, said Terrell and one Thurmond hired his bus, the three got in it and had him drive down to the stock pens at the railroad in Smithville; when they reached the stock pens the three got out, were gone about five minutes and brought back what the witness described and the jury were clearly authorized to believe were automobile tires, put them in the bus and themselves got back therein; that they drove back towards town again, but before they got there they stopped, all three got out, taking the automobile tires with them

and disappeared. Some of the automobile tires which were shipped in this car and stolen therefrom were afterwards traced to and found in San Antonio and recovered by the railroad. A San Antonio party bought these tires from one Billy Edwards. About this time Phillips loaned Edwards $50, who gave the money to Fred Thurmond, one of the parties who was with appellant and Terrell the night they got the tires when they drove to the stock pens, Edwards stating that the $50 was to pay Terrell for tires that he and appellant were in trouble about and that he paid the money to Thurmond on the order of Terrell therefor. This is a mere outline of some of the testimony. Taking it as a whole, we think it amply sufficient to sustain the verdict. Whether appellant took the tires from the car while it was standing in the yard at Smithville, or took them from the car before he reached Smithville, would be immaterial, for wherever he first took the stolen property he is substantially and reasonably shown to have been in possession thereof with others at Smithville, and, hence, under the law, could be convicted in Bastrop County, where he was tried and convicted.

This writer is of the opinion that the evidence in the burglary case, while not as full as in this case, was sufficient to sustain the verdict in that case.

After most careful consideration we have reached the conclusion that the evidence is sufficient to sustain the verdict in this case, and the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### November 17, 1915.

PRENDERGAST, Presiding Judge.—After the rendition of the original opinion herein, appellant's motion was granted for a certiorari to bring up copies of his motion to quash the indictment and his motion for a new trial and his bills of exceptions, which were omitted from the original transcript. The clerk complied and sent up an additional record containing these papers, which are now before us, and they have been duly considered.

Appellant's motion to quash the indictment gives as the only reason therefor "that on yesterday, February 1, 1915, this defendant was tried and convicted in State v. F. L. Park, No. 2040, in this court, for the offense of burglary of a railroad freight car charged to have been in possession of J. T. Hungate," who is the agent of a certain railroad company, and given two years in the penitentiary, and claiming that he can not be twice put on trial for the same offense. This case charges him with theft, not burglary. A conviction for theft committed at the same time in the same transaction of burglary is not the same offense, and accused can be convicted of both as expressly provided by our statute. P. C., arts. 1317-1318, and cases cited thereunder. Besides, even if they were the same offense, it would be no ground to quash the indictment, but must be properly plead as jeopardy.

Appellant again, in his motion for rehearing, as was done when this cause was at first submitted, earnestly contends and argues to a considerable extent that the evidence was insufficient to sustain the verdict. Each member of the court has read and studied the evidence. We adhere to the original opinion that the evidence was sufficient.

In his first bill of exception it is shown that the State's attorney asked appellant, on cross-examination, for the purpose of impeachment, if he had not the day before been convicted of burglary. He objected to this question. The court sustained the objection, and, at his request, at the time, instructed the jury that they were not to consider the question at all; that it had nothing whatever to do with the case one way or another. Notwithstanding this, appellant excepted to the mere asking of the question. This bill presents no reversible error. Martoni v. State, 74 Texas Crim. Rep., 90, 167 S. W. Rep., 357, and authorities there cited; Sweeney v. State, 65 Texas Crim. Rep., 593, 146 S. W. Rep., 883, and authorities there cited.

Appellant's next bill, after the proper style and the usual "Be it remembered," states that "the following proceedings were had, towit:" Then follows more than two pages of typewritten matter, which consists of questions asked, objections made, ruling of the court, answers of the witness and the remarks of the attorneys for both sides. On the first page the only thing we can see that he complains of to which he excepted is that, in a brief argument, when the witness Vann presented and identified the original way-bill for the shipment of the tires alleged to have been stolen, this remark of one of the State's attorneys was made: "They are just taking up the time of the court for nothing." How and in what possible way that injuriously affected appellant's case we are unable to see, and he in no way attempts to show in the bill, and, of course, it presents no reversible error. On the next page of this bill and what follows on the page following, there appears to be nothing to which appellant excepted at the time, and no error is presented thereby.

His next bill is in form exactly similar to the preceding one. It appears from it that the State introduced Harry Young for the purpose of attempting to prove the value of the alleged stolen tires. The witness did not qualify so as to testify to the values and did not testify to the values. The closing remark of the prosecuting attorney after the witness had stated that he did not know the value so as to testify to it was this: "Well, stand aside; if you have not sense enough to know the value of automobile tires, you can go;" and to this remark appellant excepted; but no reason is given, and no possible injury is attempted to be shown to appellant by the attorney's remark.

His next bill is in the same style exactly. This bill shows nothing whatever was testified to by the witness Campbell to which he excepted. On cross-examination the appellant's attorneys asked him this question: "Did he tell you who got those tires at the place where you found them?" (two additional tires found in shop at rear of Bexar Hotel).

The State's counsel objected. The court sustained the objection, and the defendant excepted. This in no way showed any reversible error.

His next and last bill after the style of the cause states:

"At the conclusion of the testimony of Mr. J. W. Vann, a witness for the State, counsel for defendant moved the court to strike out all the testimony given by said witness as to the value of the tires, because he is not qualified, not an expert and knows nothing about the value of tires.

"The motion to strike out was overruled; to which ruling of the court defendant excepted at the time."

This, as it is presented, shows no reversible error. It in no way shows what the testimony of the witness was, or anything other than as quoted above.

The next matter presented in this same said last bill is this:

"When the State had rested, counsel for defendant moved the court to strike out all the testimony of the witness Eggleston in regard to the conversation he had with defendant, F. L. Park, and William Terrell, because that conversation was about some Goodrich tires, when all of the State's testimony shows that the tires alleged to be stolen were Federal Rubber Company tires.

"Also moved the court to instruct the jury to return a verdict for defendant, because the State had failed to make out a case.

"The motions were overruled; defendant excepted."

This, as presented, shows no error; but, if we could look to the record otherwise for the testimony of Eggleston, it would clearly show, in connection with the other testimony in the case, that the conversation appellant and Terrell had with him was unquestionably about the stolen tires. Eggleston, after detailing in full material testimony, says that, in the conversation with Terrell regarding the tires, "I believe he said they were Goodrich tires." Another witness says that some others called them Goodrich tires, but the testimony of other witnesses shows that they were not Goodrich tires but Federal Rubber Company tires. Even, if it had been conclusively shown that they were Federal tires, it would not justify the court to strike out his testimony because he said he believed Terrell said they were Goodrich tires. All that would be a matter of argument before the jury. The jury was entitled to the evidence, together with the other records, so as to properly pass upon the questions submitted to them.

In the original opinion, we said that, whether the appellant took the tires from the car while it was standing in the yards at Smithville or from the car before he reached Smithville, would be immaterial, for wherever he first took them he is substantially and reasonably shown to have been in possession thereof with others at Smithville, and, hence, under the law, could be convicted in Bastrop County, where he was tried and convicted. Appellant contends that, as the indictment charges that the property was taken from the possession of Hungate, who was the local agent of the company at Smithville, in Bastrop County, if the property was taken by appellant before it reached the possession

of Hungate at Smithville, the conviction could not be sustained, because the theft would not have been from Hungate. What was said by the court in the original opinion was wholly unnecessary and was. on the question of the venue. The question of venue was not raised in the case, and no bill of exception, which is required by the statute,. was taken on that question at all, so that, whether the statement by the court in the original opinion was correct or incorrect, it has nothing to do with the merits of the case, nor with the question of venue, as that question was not raised, as required by the statute. C. C. P., art. 938.

The motion is overruled

*Overruled.*