JACK SHIPMAN v. THE STATE.

No. 8260.    Delivered April 22, 1925.

1.—Burglary—Plea of—Jeopardy—Properly Cverruled.

The authorities in this state hold that a former conviction for theft will not bar a prosecution for burglary, and they uniformly hold that a party may be convicted of burglary and for whatever offense is committed after the burglarious entry is effected. Following Smith v. State, 22 Tex. Crim. App. 353, and other cases cited. Appellants plea of former jeopardy was properly overruled.

2.—Same—Postponement of Case—Properly Refused.

After announcement of ready, appellant verbally asked for a postponement of the trial on account of the illness of his wife, whom he expected to use as a witness. Having carefully considered this application together with the affidavit of the wife, and having reached the conclusion that the application, and affidavit wholly fail to show that her condition was of such a serious nature as to prevent her from attending the trial the cause is affirmed.

Appeal from the District Court of Jones County. Tried below before the Hon. W. R. Chapman, Judge.

Appeal from a conviction of burglary; penalty, two years in the penitentiary.

The opinion states the case.

*Lon A. Brooks & A. J. Smith,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Jones County for the offense of burglary and his punishment assessed at confinement in the penitentiary for a term of two years.

There is no merit in appellant's contention that the indictment should have been quashed. The indictment is in the language of Art. 1323 of the Penal Code, and it is evidently a copy of the approved form found on page 1296 of Branch's Penal Code.

Complaint is made to the effect that the court erred in refusing to submit to the jury appellant's plea of former jeopardy. The contention is made in this plea that the appellant had already been convicted for the offense of theft growing out of this same transaction. The authorities in this State hold that a former conviction for theft will not bar a prosecution for burglary, and they uniformly hold that a party may be convicted of burglary and for whatever other offense is committed after the burglarious entry. Smith v. State, 22 App. 353; Rust v. State, 31 Texas Crim. Rep. 75; Loakman v. State, 32 Texas Crim. Rep. 564; Fielder v. State, 40 Texas Crim. Rep. 184; Richardson v. State, 75 S. W. 505.

Appellant complains of the action of the court in refusing to postpone the case after announcement of ready for trial because of the illness of the appellant's wife. It is his contention that her testimony was material to his defense and that she was unable to attend court. We have carefully considered the application for postponement and the affidavit of the wife of the appellant which is attached to the motion for new trial, and we have reached the conclusion that both the application and the affidavit wholly fail to show that her condition was of such a serious nature as to prevent her from attending the trial of the case. The case was tried on the 15th day of June, and the affidavit of the absent witness goes no further than to show that on the night of the 14th she was taken very sick and was sick and unable to leave her room and attend court as a witness on the morning of June 15. It nowhere negatives the fact that she may have been able to attend court at any time after the morning of the 15th of June. We also note in this connection that the motion for new trial goes no further than to say that defendant's wife was sick, and the court certifies that the defendant

could have proved by Doctor Jones that about noon on the day of the trial he examined the physical condition of the defendant's wife and found that his said wife at the time was suffering from a severe pain in her back and that she was in a very nervous, hysterical condition and was bordering on nervous prostration. In our opinion this showing is entirely insufficient to show that said witness was unable to attend court at any time during the trial of the case and before the testimony had been concluded. In this connection it may also be said that we find no written motion to postpone in the record.

There is no merit in appellant's contention that the court should have submitted the question of the witness John N. Stephens' being an accomplice. The appellant's own testimony fails to raise that issue as to said witness.

We have carefully examined all other assignments presented by the appellant in this case, and have reached the conclusion that none of them are of such merit as would warrant a reversal of the case.

Believing that the appellant has been accorded his right of a fair trial under the forms of law, it is our opinion that the judgment should in all things be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.