CLYDE COOPER V. STATE.

No. 24526. December 7, 1949.
Rehearing Denied January 25, 1950.

*Herman G. Nami,* of San Antonio, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the state penitentiary for a term of two years.

The evidence, briefly stated, shows that on the night of the 11th day of July, 1948, appellant and three companions drove in appellant's automobile from San Antonio to Kerrville with the intent of committing burglary; that appellant's three companions did break and enter Couch's store and take therefrom some rifles, pistols, ammunition and fishing tackle while appellant waited in his car at the courthouse. While in the commission of the offense they were discovered in the store by the nightwatchman who shot at them and they fired several shots at him. One of the shots struck the nightwatchman in the shoulder. Two of appellant's companions ran toward the courthouse where appellant was waiting in his automobile. They entered appellant's automobile with some of the loot and then appellant hurriedly drove away. Appellant, by separate indictment, was charged with burglary and theft of property over the value of fifty dollars. It appears from the record that appellant was first tried for the offense of theft, was convicted, and his punishment was assessed by a jury at confinement in the state penitentiary for a period of five years; but upon recommendation by the jury his sentence was suspended. Thereafter, when the case was called wherein he was charged with the offense of burglary, he in due time filed a plea of former jeopardy. This plea was overruled by the court and he duly excepted to such ruling. His contention is that the burglary and the theft is one and the same transaction; that the evidence introduced against him in the case wherein he was charged with theft is identical in all material respects as the evidence in this case and therefore former jeopardy attached.

Art. I, Sec. 14 of our State Constitution reads as follows: "No person, for the same offense, shall be twice put in jeopardy

of life or liberty, nor shall a person be again put upon trial for the same offense after a verdict of not guilty in a court of competent jurisdiction." It will be noted that under the constitution a person will only be immune against a second prosecution for the same offense and not for a different offense of which he was convicted.

Art. 1399, Vernon's Ann. P. C., provides as follows:

"If a house be entered in such manner as to be burglary, and the one guilty of such burglary shall after such entry commit any other offense, he shall be punished for burglary and also for whatever other offense is so committed."

It will thus be noted that theft committed in the same transaction as a burglary is a separate offense from the burglary and the accused may be tried and convicted for both offenses. See Park v. State, 78 Tex. Cr. R. 131, 179 S. W. 1152; McDonald v. State, 70 Tex. Cr. R. 80, 156 S. W. 209, Newton v. State, 65 Tex. Cr. R. 87, 143 S. W. 638; Rust v. State, 31 Tex. Cr. R. 75, 19 S. W. 763; Loakman v. State, 32 Tex. Cr. R. 561, 25 S. W. 22; and Shipman v. State, 100 Tex. Cr. R. 93, 271 S. W. 901. We therefore overrule his contention.

Appellant's next complaint relates to the court's action in permitting the state to introduce in evidence his purported voluntary confession. The record reflects that when this confession was offered, appellant objected to its introduction on the ground that it was not a voluntary confession; that it was extorted from him by various means and methods not necessary to here state. The officers denied that the confession was obtained by unfair means, methods or practice; that he made it voluntarily after he had been duly warned as prescribed by law. It will be noted that this raised an issue of fact which the court, under an appropriate instruction, submitted to the jury. Appellant claims, however, that the court should have held as a matter of law that it was not a voluntary confession and should have excluded it. With this contention, we do not agree.

Appellant•next contends that the evidence is insufficient to sustain his conviction. With this we cannot agree. The evidence indicates that they were all acting together with a common intent in which the minds of all concurred. One of his companions who testified stated that it was agreed among them before they left San Antonio that they would break into some store and commit theft. Appellant's confession contained substantially the same facts. Moreover, they were together at a filling sta-

tion in Kerrville shortly before they committed the offense; they were again seen together early the next morning eating breakfast at a cafe. Furthermore, appellant admitted that he and his companions came to Kerrville on the night in question in his, appellant's, car; that when he heard the shots he started the motor of his car; that one of his companions called to him; that he picked them up and drove away. We think there is ample evidence corroborating the appellant's confession and the testimony of the accomplice witness to justify and sustain his conviction.

Finding no error disclosed by the record, the judgment of the trial court is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The first subject considered in appellant's motion for rehearing deals with the question of intent. The only evidence on this subject, which is quoted at length, comes from the appellant himself and that was properly taken into account in the court's charge. We find no objection to the charge on this point. The state's evidence furnishes a basis authorizing the presumption of intent.

The motion then deals with propositions under "assignments of error." In so far as they attempt to bring into discussion questions not raised by bill of exception we give them no consideration.

The question of the admissibility of the confession introduced in evidence by the state need not be further discussed, other than to say there was positive testimony by the witnesses that it was freely and voluntarily made. This was denied by appellant and the issue raised by his evidence was submitted to the jury in what appears to have been an acceptable manner.

Again it is contended, as on original submission, that the evidence was insufficient to support the conviction. One of the parties engaged in the burglary was brought as a witness from the penitentiary. He details the connection which appellant had with the planning of the burglary, and his part in aiding them to escape. The written confession is to the same effect. Appellant's testimony on the witness stand is consistent with much

of the same evidence. It is true that he denied any knowledge of what the parties were intending to do. Admittedly, after the burglary was committed and he was aiding them in escaping and making an effort to find one of the parties who had become lost when their efforts were frustrated by a night watchman, he discovered a part of the loot in his car and required the others to throw this out by the side of the road. Apparently they did this with some effort to seclude it, because they returned the following evening to get the loot. Nevertheless, with this full knowledge, he drove the parties away from the scene, first to Leakey where they ate breakfast in the early morning, and then back to Kerrville and on to San Antonio. It is also noticed that when he denied any knowledege of having the tools in the car, with which to break into a house, his testimony on a former trial was read and this discloses that he did know that they had such tools.

We think the evidence was amply sufficient to corroborate the principal witness, Donald Pogue, and to prove the corpus delicti.

The plea of former jeopardy is treated in the original opinion and we think the correct conclusion was reached.

The appellant's motion for rehearing is overruled.