**Arthur Lee FUERY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43430.**

Court of Criminal Appeals of Texas.

Feb. 10, 1971.

Rehearing Denied March 31, 1971.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for unlawful possesesion of a narcotic drug, to-

wit: marijuana; with punishment assessed by a jury at 20 years.

Appellant contends that the evidence was insufficient to convict because the chain of custody of one of the five cigarettes was not shown.

Sergeant Cavender, of the Dallas Police Department, testified that he received the five cigarettes from Officer Johnson. The record then reflects the following:

"Q. Did you mark them or identify them so you'd know they were the same ones?

"A. Yes, I did. They have my initials on them.

"Q. Are your initials on each individual package inside, contained within the cellophane there?

"A. I believe there is one here that I couldn't find them on. I can probably take the envelope apart and find it."

No objection was made, nor was the matter pursued further.

The record reflects that State's Exhibit No. 1 consisted of the five cigarettes.

L. L. Anderson, a chemist employed by the Criminal Investigation Laboratory at Parkland Hospital, in Dallas, analyzed a portion of the material in State's Exhibit No. 1, and found it to be marijuana. This was sufficient to support the jury's finding. Andrews v. State, Tex.Cr.App., 436 S.W.2d 546.

Relying upon North Carolina v. Pearce (Simpson v. Rice), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, 659, the appellant contends the trial court erred in allowing the jury to assess a greater punishment than 18 years. On a prior trial of this case the penalty was assessed at 18 years.

There is no showing that the jury in the second trial was aware of a prior trial; furthermore, the jury in the second trial had

more facts to consider in regard to punishment. Quoting from appellant's brief:

"Several of the convictions introduced against Appellant at his second trial during the punishment phase of the proceedings were convictions which were rendered against Appellant after the date of his first conviction."

It could hardly be said that, with this additional evidence to consider, and the fact that the only difference in punishment was from 18 to 20 years, the jury was in any way retaliatory or vindictive. The punishment was assessed by the jury in accordance with appellant's request, and North Carolina v. Pearce (Simpson v. Rice), supra, is not applicable. Casias v. State, Tex. Cr.App., 452 S.W.2d 483; Gibson v. State, Tex.Cr.App., 448 S.W.2d 481; Branch v. State, Tex.Cr.App., 445 S.W.2d 756.

The remaining grounds of error have been examined and we find no reversible error

The judgment is affirmed.