**Ex parte Olden Ben BOWMAN.**

**No. 50006.**

Court of Criminal Appeals of Texas.

June 4, 1975.

W. John Allison, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty. and Jerome L. Croston, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ARCHIE BROWN, Commissioner.

This is a post-conviction habeas corpus proceeding brought under the provisions of Article 11.07, Vernon's Ann.C.C.P.

Appellant was convicted by a jury of assault with intent to commit murder with malice. His punishment was assessed by the court at 25 years. On direct appeal this conviction was affirmed on February 6, 1974. Bowman v. State, Tex.Cr.App., 504 S.W.2d 880.

Appellant urges that the court violated his due process rights in assessing the punishment at 25 years because he previously entered a guilty plea to the same indictment before the same judge who assessed punishment at 17 years and, when notice of appeal was given from the plea of guilty, the court granted a new trial. Appellant contends that the eight year increase in punishment on the second trial violates the rule set down in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). This matter was not raised on the direct appeal.

The trial judge has forwarded with the record in the habeas corpus proceeding his findings of fact and conclusions of law which bear a file mark of the District Clerk of Dallas County dated June 7, 1973. This instrument was not included in the record on the direct appeal approved by the trial court on July 30, 1973. This instrument received by this Court on March 11, 1975, is as follows:

"On this the 27th day of February, 1973, after the Jury has unanimously returned a Verdict of Guilty to the felony offense of an assault with intent to commit murder with malice as charged in the Indictment against this Defendant, and after the Court having heard the evidence offered by the State with regard to the proper punishment to be set, the Court this day makes the following findings of fact and conclusions of law:

"I

"The Court takes judicial knowledge of its own records, recalls and recognizes that on the 29th day of January, 1973, that this Defendant appeared before the Criminal District Court in Dallas County, Texas in person and with his attorney, Mr. Robert M. Jones.

"That at that time the Defendant in the trial before the Court entered a plea of Guilty to the allegations contained in the Indictment for the felony offense of assault with intent to commit murder with malice as charged in the Indictment.

"And further, that the Defendant testified in the case where under oath he admitted his identity as being Olden Ben Bowman, Junior, being the same man charged with a Bill of Indictment in this case.

"And further, that each and all of the allegations contained in the Indictment were true, and in response to a question by the State acknowledged that his judicial confession that he admitted this offense offered into evidence by the State, State's Exhibit Number One was true.

"After which the Court found the accused Guilty of the offense charged, and upon recommendation of the attorneys, fixed his punishment at 17 years confinement in the Texas Department of Corrections.

"That thereafter on the 7th day of February, 1973, that this Defendant notified the Court in writing that he wished to appeal the case. At which time the Court responded by granting the Defendant a new trial hearing, and this case was ordered restored to the pending Docket of this Court, and came on to be heard for trial on February 26th, 1973, which is the present trial of this case.

"The Court finds that after having heard the evidence in the case, which was not adduced at the trial before the Court, that this Defendant committed the crime of assault with intent to commit murder while in the perpetration of a criminal offense in that he was attempting to commit the crime of theft against the complaining witness herein, James Grandvill Wadley.

"That while in the commission of this offense having been observed by the Complainant, James Grandvill Wadley, who made an attempt to apprehend this accused, that this accused with a knife stabbed his victim numerous times.

"The Court further finds that the wounds were more than one. That they caused serious bodily injury resulting in the hospitalization of the Complainant. And that as a result of the attack by this Defendant, that the Complainant lost the use of his spleen.

"The Court futher (sic) finds that this Defendant has had a long and varied criminal record. That he has heretofore been incarcerated in the Texas Department of Corrections for six felony offenses.

"And the Court further makes known that these facts were not known at the time the Court assessed the punishment upon the recommendation of the attorneys at 17 years. Because of the additional information, the aggravation of this crime, the fact that it was caused or was committed in the act of committing another felony offense, and because of the criminal record of this Defendant, the Court will fix the punishment in this case at 25 years confinement in the Texas Department of Corrections."

This instrument is signed by the trial judge.

In North Carolina v. Pearce, supra, the Supreme Court of the United States stated:

"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he received after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. *Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.* And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." (Emphasis added).

None of the factors which the trial judge listed as the basis for his increased punishment occurred after the time of the original sentencing. Miller v. State, Tex. Cr.App., 472 S.W.2d 269.

The relief sought by appellant is granted and the cause is remanded for the assessment of punishment by the trial court in accordance with North Carolina v. Pearce, supra. Payton v. State, 506 S.W.2d 912.

Opinion approved by the Court.