**Charles Harold BINGHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48263.**

Court of Criminal Appeals of Texas.

June 18, 1975.

Mary B. Edwards, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Vic Driscoll, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before the court, appellant was convicted of burglary. This appeal was by per curiam opinion dated April 3, 1974, abated because of the erroneous consideration by the trial court for punishment purposes of improperly admitted evidence, and the cause was remanded to the trial court for re-assessment of punishment by a different judge, and for resentencing. A supplemental record has now been filed reflecting that in compliance with the mandate of this Court the trial court, with a different judge presiding, conducted a punishment hearing, heard evidence omitting the objectionable testimony, and assessed punishment at twelve years. Appellant

was resentenced, this sentence to run concurrent with that against appellant in a conviction for felony theft (our Cause No. 48,262). He again gave notice of appeal, and this cause is now before us for disposition.

■ In his sole ground of error, appellant contends that the trial court erred in permitting him to be convicted on both the burglary and felony theft cases, since each grew out of the same transaction.

The record reflects that appellant was tried and convicted simultaneously on two indictments, one charging burglary and the other felony theft, both occurring March 12, 1973. The evidence established that the theft involved property taken in the burglary.

It is well established by statute and case law that where one commits burglary, and after the felonious entry he commits another offense, he may be prosecuted for both offenses, and neither prosecution is a bar to the trial for the other. See Article, 1399, 1400, Vernon's Ann.P.C.; Warren v. State, Tex.Cr.App., 514 S.W.2d 458; Perkins v. State, Tex.Cr.App., 485 S.W.2d 792; Pena v. State, Tex.Cr.App., 442 S.W.2d 691; Ashcraft v. State, 155 Tex.Cr. App., 229 S.W.2d 813; Cooper v. State, 154 Tex.Cr.R. 182, 226 S.W.2d 122.

Appellant's ground of error is overruled.

■ Although not raised by appellant in his brief, we note that punishment at the hearing after remand was assessed at twelve years, whereas the original punishment assessed before appeal was ten years. This increase in punishment raises a constitutional question of due process under the Federal Constitution. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656; United States v. Jackson, 390 U.S. 570, 581, 88 S.Ct. 1209, 1216, 20 L. Ed.2d 138. The constitutional question requires our review in the interest of justice. See Article 40.09, Sec. 13, Vernon's Ann.

C.C.P.; Ellis v. State, Tex.Cr.App., 502 S. W.2d 146; Duckett v. State, 454 S.W.2d 755. For collateral review on habeas corpus where the question was not raised on original appeal, see Ex parte Bowman, 523 S.W.2d 677, (Tex.Cr.App.1975).

The trial of this cause on its merits was conducted by a visiting judge sitting for the regular judge of the 176th District Court. The punishment hearing after remand was conducted by the regular judge of the court. The record reflects that he was familiar with the former proceedings, and knew that the penalty appealed from was ten years; in fact, he mentioned that fact in his preliminary remarks in calling the proceedings to trial.

In Ex parte Bowman, supra, we quoted from North Carolina v. Pearce, supra, as follows:

"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. *Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.* And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the in-

creased sentence may be fully reviewed on appeal." (Emphasis added)

See Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714, in which the Supreme Court reaffirmed the doctrine of *Pearce* where the punishment is assessed *by the judge*, but held that a higher punishment assessed *by a jury* at a second trial does not "offend the Due Process Clause so long as the jury is not informed of the prior sentence, and the second sentence is not otherwise shown to be a product of vindictiveness." See Fairris v. State, Tex.Cr.App., 515 S.W.2d 921.

The record in the instant case does not contain any factual data on which the increased sentence is based so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal. Neither does it contain any objective information concerning identifiable conduct on the part of appellant occurring after the time of the original sentencing proceeding which would justify the increase. See *Pearce*, supra; *Bowman*, supra.

The appeal is again abated, and the cause is remanded to the trial court for punishment in accordance with the foregoing principles.

Opinion approved by the Court.

ROBERTS, Judge (concurring).

I concur in the foregoing opinion simply for the purpose of stating explicitly what I believe the Court is saying implicitly. In a case such as this one, where the second judge who is imposing sentence was aware of the proceedings incident to the first sentence, there is a danger of retaliation against a defendant who has successfully attacked his first conviction and sentence. I would expressly hold, therefore, that affirmative reasons based on objective conduct on the part of a defendant since imposition of his first sentence must accompany the imposition of a higher sentence by the second judge. This is consistent with

the reasoning applied in Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed. 2d 714 to imposition of a higher sentence by a jury aware of a defendant's first trial and sentence.