David LECHUGA, Appellant,

v.

The STATE of Texas, Appellee.

No. 50426.

Court of Criminal Appeals of Texas.

Sept. 23, 1975.

On Rehearing Feb. 11, 1976.

Rehearing Denied March 3, 1976.

William J. McGowan, II, Court-appointed, Brownfield, for appellant.

E. W. Boedeker, Dist. Atty., Levelland, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

On May 23, 1972, appellant plead guilty before the court to the offense of defrauding with a worthless check. Punishment was assessed by the court at three years. A motion for new trial was thereafter filed by appellant and granted by the court. On August 2, 1972, appellant again plead guilty before the court in this cause, and the court assessed punishment at five years. Appellant was then placed on probation, which was subsequently revoked. Appeal is taken from the order revoking probation.

■ Although not raised in appellant's brief, we observe constitutional error which should be reviewed in the interest of justice. Art. 40.09(13), V.A.C.C.P. Appellant, upon his second conviction in this cause, was assessed a greater punishment than that assessed upon his first conviction. Both proceedings were before the same trial judge, and no factual data appears in the record which would constitute a legitimate basis for increased punishment.

In *Ex parte Bowman*, 523 S.W.2d 677 (Tex.Cr.App.1975), the prerequisites for increased punishment upon retrial in a case such as the one before us were quoted from *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. It was there stated:

". . . whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

■ Because the record contains neither reasons for the increase in punishment nor factual data upon which such an increase could have been based, the judgment of the court assessing punishment must be vacated. *Ex parte Bowman,* supra.

■ The dissents say five years, probated, is not a more severe sentence than three years. Actually, probation is no sentence at all: the five year sentence is not imposed at all, unless the probation is revoked. But whether imposition of sentence is suspended or not, the punishment assessed was 3 years at the first trial and 5 years at the second. Following revocation of probation the harsher sentence finally was imposed, and no reasons for its greater severity appear in the record.

The judgment, as to punishment, is reversed, and the cause is remanded for assessment of punishment by the trial court in accordance with *North Carolina v. Pearce,* supra.

DOUGLAS, Judge (dissenting).

The majority holds that a five years' probation is a greater punishment than three years' confinement in the Texas Department of Corrections. In doing so, it treats a year of probation as equivalent to a years' confinement.

The matter has not been raised by anyone except the majority of this Court in its own collateral attack upon the judgment of probation.

The majority apparently reasons that probation will be revoked after it is granted. If not, then it apparently reasons that it is possible that the punishment will be greater if probationer commits another or other crimes and the probation is revoked. This is not the case at the time punishment was assessed. The trial judge would not have granted probation if he thought that

appellant would fail to live up to its conditions.

Under the law at the time this case was tried, the punishment of five years' probation could have been reduced or terminated after appellant had satisfactorily completed one third of the original probationary period. This, of course, is somewhat less than three years. See Art. 42.12, Sec. 7, V.A.C. C.P.

At the time of revocation, Art. 42.12, Sec. 8(a), V.A.C.C.P. provided that if probation were revoked, the court could have reduced the term of imprisonment to not less than the minimum prescribed for the offense for which he had been convicted.

From the above provisions of probation statutes, it was not mandatory that five years had to be served even if probation were revoked. The probation could have been set aside without serving any time.

Nearly every person charged except perhaps a professional criminal who accepts the risk of getting caught as a part of his business risk, would rather have five years probated than three years' confinement.

If there could be a question that a judgment of five years probated is less than three years' confinement, just ask the man who has one or ask a person who has just committed his first felony and been charged with that crime, or ask a lawyer who has represented first offenders.

*North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, which holds that the same judge should not assess a greater punishment after a case has been reversed on appeal unless certain facts are shown, has been misconstrued and misapplied by the majority, because in the present case the trial judge assessed appellant a lesser punishment of probation at the time of trial.

In *North Carolina v. Pearce,* supra, the reason for not permitting a trial judge to assess a higher punishment after a defendant's cause had been reversed in an appellate court was to prevent a vindictive judge from penalizing a defendant for appealing. In the present case the judge showed compassion, not vindictiveness, in giving appellant probation and another chance.

Let us consider the facts of the case in connection with appellant's sole contention.

He was convicted May 23, 1972, for defrauding with a worthless check; his punishment was assessed at three years. His motion for new trial was granted August 2, 1972; he entered another plea of guilty and asked for probation. He was assessed a punishment at five years probated. Two of the conditions of probation were that he "(a) commit no offense against the laws of this State or any other State or the United States. (b) avoid injurious and vicious habits, and particularly not become intoxicated in a public place or operate a motor vehicle while under the influence of intoxicating liquors."

On November 27, 1974, an amended motion to revoke probation was filed. It alleged that the terms and conditions of said probation have been violated as follows:

"a) That on or about the 20th day of October, 1974, David Lechuga, in Terry County, Texas knowingly and intentionally cause physical contact with another, to-wit: Mrs. Robert Robertson, when he, the said defendant knew and should have reasonably believed that the said Mrs. Robert Robertson would regard the said contact as offensive and provocative.

b) That on or about the 20th day of October, 1974, David Lechuga, in Terry County, Texas knowingly and intentionally cause physical contact with another, to-wit: Deola Lechuga, when he, the said defendant knew and should have reasonably believed that the said Deola Lechuga would regard the said contact as offensive and provocative.

c) That on or about the 20th day of October, 1974, David Lechuga, in Terry County, Texas with the intent to damage and destroy furniture and a telephone without the effective consent of Mrs. Robert Robertson, the owner thereof.

d) That on or about the 20th day of October, 1974, David Lechuga, was intoxicated in a public place in Terry County, Texas.

e) That David Lechuga on or about the 10th day of January 1974, in Lubbock County, Texas did then and there while in the course of committing theft of good and lawful United States Currency hereafter called the property from Mark Corley, with intent to obtain and maintain control of the property, knowingly and intentionally threaten and place JaNette Hodges in fear of imminent bodily injury and death."

A "Judgment Revoking Probation" dated December 2, 1974, was entered.

It recited that appellant violated the terms of probation as follows:

"a) That on or about the 20th day of October, 1974, David Lechuga, in Terry County, Texas did knowingly and intentionally cause physical contact with another, to-wit: Deola Lechuga, when he, the said David Lechuga, knew and should have reasonable believed that the said Deola Lechuga would regard the said contact as offensive and provocative.

b) That on or about the 20th day of October, 1974, David Lechuga, in Terry County, Texas did damage and destroy furniture and a telephone without the effective consent of Mrs. Robert Robertson, the owner thereof.

c) That on or about the 20th day of October, 1974, David Lechuga, in Terry County, Texas was intoxicated in a public place in Terry County, Texas."

Theresa Robertson testified that appellant had been married to her sister Deola, but they were divorced at the time in question. Deola and her children were at the Robertson house while appellant and Theresa's husband went to a club in Brownfield. Robert Robertson returned to the house at approximately 11:30 or 12:00 o'clock that night. Later appellant came to the house and knocked on the door. He was told to go away. He cursed and beat on the door.

She went to the hall to call the officers. Appellant "knocked the door in". After entering, he dragged Deola out of bed and started striking her with his fists. Theresa again tried to call the officers, but appellant pushed her against the wall and was attempting to hit her when Deola stepped between them.

He then took Deola and the three children outside and stayed a few minutes. Robert Robertson tried to call the police, but appellant came back inside and pulled the telephone off the wall. He tore up the screen and the door. He threw a high chair at Deola and hit a light fixture and broke it.

She did not smell his breath, but he staggered real bad and she believed that he was intoxicated.

Deola Lechuga testified that appellant came to the door of the Robertson house and knocked. She told them not to let him in. He broke in the door and entered. He then struck her "all over" her face and body with his fists. He shoved her and then doubled up his fists to hit Theresa and she stepped between them and got hit in the mouth. She smelled alcoholic beverages on his breath and believed that he was intoxicated. She had seen him on other occasions. She was again asked what was her opinion. She answered, "That he was just drunk, Dog drunk."

She further related that appellant took their baby and fell down with it.

Robert Robertson testified that on the night in question he and appellant went to the Farmer's Club in Brownfield. While there he saw appellant have four drinks, maybe more. Robertson left the club at approximately 6:30 and tried to get appellant to leave, but he would not. At that time, "I would say he was pretty well on his way to being intoxicated." He related that he would not let appellant enter the house. Appellant cursed, tore the screen door loose, broke the glass out of the door, tried to unlock it and then kicked the door open and

in doing so, broke the facing on the door. His testimony about the assaults was substantially the same as that of the two women.

In revoking probation the judge stated:

". . . I find that you did, on or about the 20th day of October, strike your former wife, Deola Lechuga, and that you did, intentionally cause physical contact with her and that you should have known and probably did know and believe that this contact with her was offensive and provocative.

I also find that you did, with intent, damage and destroy the light fixture in the house and the telephone and also from a preponderance of the evidence, that you were intoxicated in a public place on or about that day. Although the testimony is rather vague, the Court finds that since you offered none, hereby preponderates that you were intoxicated in a public place on this date.

About taking the money and threatening Janetta Hodges, the court finds that the evidence to sustain that part is insufficient.

I will enter a Judgment to this effect."

It is apparent that the judge did not consider the fact that appellant did not testify when he found in effect that he assaulted Deola Lechuga and destroyed the property in the house.

The only issue in a revocation of probation case is did the trial court abuse its discretion. Here, without considering intoxication, there were two grounds upon which probation was revoked in which the judge did not say that appellant offered no evidence.

Without discussing fully the question about the judge's statement that appellant offered no evidence being an allusion to appellant's failure to testify, there was evidence to show that he was with other people at the Farmer's Club who could have been called.

No error or abuse of discretion has been shown. The judgment should be affirmed.

ROBERTS, Judge (dissenting).

I cannot agree with the opinion of the majority that five years' probation is "a more severe sentence" than three years' imprisonment for purposes of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

Probation is imposed for the purpose of rehabilitation without confinement, at least in theory. Probation permits an individual found guilty of a crime to continue his education, hold a job, and remain in the supportive company of family and friends. The trial judge here was not being vindictive in changing appellant's sentence from three years' imprisonment to five years' probation after granting his motion for new trial. In fact, he was being more lenient. Probation is not granted on the assumption that it will be revoked, but rather on the assumption that it will be carried to a successful conclusion.

The five-year probated sentence here looks harsher than three years' imprisonment only when the probation is revoked. *North Carolina v. Pearce* is aimed at preventing vindictiveness in the *imposition of a new sentence,* not at a possible subsequent revocation hearing.

For these reasons, I dissent to the majority's disposition of this case, and proceed to address the ground of error brought forward in appellant's brief.

In his only ground of error, appellant complains that the trial judge took into consideration his failure to testify in revoking his probation, in violation of Art. 38.08, V.A.C.C.P. We find this contention to be without merit. Although a probation revocation hearing must be attended by due process of law, *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), *Campbell v. State,* 456 S.W.2d 918 (Tex.Cr.App.1970), it is not a trial in all constitutional senses. *Hill v. State,* 480 S.W.2d 200 (Tex.Cr.App.1972); cf. *Fariss v. Tipps,* 463

S.W.2d 176 (Tex.1971); *Ross v. State*, 523 S.W.2d 402 (Tex.Cr.App.1975). The accused in such a proceeding is not entitled to trial by jury, *Barrow v. State*, 505 S.W.2d 808 (Tex.Cr.App.1974); the benefits of the accomplice witness rule of Art. 38.14, V.A.C. C.P., *Hulsey v. State*, 447 S.W.2d 165 (Tex. Cr.App.1969); the ten-day preparation time provided for appointed attorneys by Art. 26.04(b), V.A.C.C.P., *Hill v. State*, 480 S.W.2d 200 (Tex.Cr.App.1972); or a jeopardy bar to further prosecution, *Settles v. State*, 403 S.W.2d 417 (Tex.Cr.App.1966). And a violation of the probationary terms need only be shown by a preponderance of the evidence, not beyond a reasonable doubt. This being a case of first impression, I would hold that the prohibition of Art. 38.08 applies only to criminal trials and not to probation revocation proceedings. The trial court therefore committed no error when he considered appellant's failure to offer testimony.

The judgment should be affirmed.

## OPINION ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

On rehearing the State vigorously urges that the majority was wrong in holding that a five (5) year assessment of punishment by the court with probation at the second trial was a "more severe" punishment than the three (3) years without probation assessed by the court at the first trial, and that *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), does not call for such result. If the three (3) years assessed at the first trial and the five (5) years assessed at the second trial had both been "straight time," there would be no question but that *North Carolina v. Pearce, supra*, had application. *Ex parte Bowman*, 523 S.W.2d 677 (Tex.Cr. App.1975); *Payton v. State*, 506 S.W.2d 912 (Tex.Cr.App.1974); *Miller v. State*, 472

S.W.2d 269 (Tex.Cr.App.1971). In the above cases, as well as the instant case, the increase in punishment was not based upon objective information concerning identifiable conduct on the part of the accused occurring after the time the original punishment was assessed. The State urges, however, that the interjection of a grant of probation along with the assessment of five (5) years at the second trial in the instant case calls for a different result.

At first blush, the State's position is most appealing. This is so because it may be stated that any defendant standing before a court would opt for any sentence with probation[1] rather than one without probation—for it would, at least temporarily, permit him to be a free man—over any punishment that requires immediate confinement. Our inquiry cannot stop here.

The question presented arises out of the decision in *North Carolina v. Pearce, supra*. There, the court stated in part:

".  .  . [D]ue process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial .  .  . In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

■ It should be clear that the term "more severe sentence" should be read as

---

1.  By virtue of the provisions of Article 42.12, Vernon's Ann.C.C.P., the period of probation cannot exceed ten (10) years.

synonymous with "more severe punishment or penalty" rather than the formal pronouncement of sentence as provided in Articles 42.02 and 42.03 of our Code of Criminal Procedure. It is also clear that *Pearce* is not to be applied retroactively, *Michigan v. Payne*, 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973), and that it normally would not apply to jury trial where the jury assesses punishment, *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973). This is particularly true where the jury is unaware of the first penalty assessed and there is no showing of vindictiveness. See *Curlin v. State*, 505 S.W.2d 889 (Tex.Cr.App.1974); *Fuery v. State*, 464 S.W.2d 666 (Tex.Cr.App.1971). Further, *Pearce* has no application where the more severe punishment is assessed upon a trial de novo in a court of general jurisdiction following an appeal from a conviction in an inferior court for a lesser criminal offense. *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972). The court found the possibility of vindictiveness found to exist in *Pearce* was not inherent in the Kentucky two-tier system.

None of these areas of the inapplicability of *Pearce* have relevancy in the instant case.

In *McCulley v. State*, 486 S.W.2d 419 (S.Ct. Mo.Div. # 1, 1972), the Missouri Supreme Court was confronted with a question of whether a seven year sentence without probation was a "more severe" sentence than two years without probation in light of *North Carolina v. Pearce, supra*, and

concluded that it was. After discussing the broad discretion a trial judge in Missouri is given in fashioning punishment after the determination of guilt, "probation," "sentence" and punishment, the court concluded that "sentence" or the penalty does not include as a part of its definition such conditional orders as the court makes for the amelioration of the punishment—probation. Probation lessens the immediate impact of the sentence on the defendant, but probation does not, per se, shorten or lengthen the sentence. It was then added, "The court holds that probation . . . is not part of the sentence imposed upon a defendant."

Rejecting the reasoning of *Thurman v. United States*, 423 F.2d 988 (9th Cir. 1970), that "more severe" as used in *Pearce* means something more than longer sentence and that "totality of the impact of the sentence upon the defendant must be considered," the Missouri Supreme Court adopted the reasoning of *United States v. Barash*, 428 F.2d 328 (2nd Cir. 1970), that any attempt to compare one kind of punishment with another under circumstances similar to the question presented in *McCulley* was wholly impractical. The court observed that to give the words "more severe" as used in *Pearce* a different meaning than longer sentence would make every question of whether *Pearce* has been violated "purely subjective" defying "objective application."[2]

The court then held that any sentence imposed in a second trial before a judge cannot be greater than a sentence imposed

2. In Texas can it be said that any "straight time" in the Department of Corrections is a "more severe" punishment than any term of probation? Is 10 years' probation (the maximum under Article 42.12, Vernon's Ann.C. C.P.) "more severe" than two years' "straight time"? If it is, then where do you draw the line on possible probation periods and say they are more and less severe than two years' "straight time"? If it is not, do you take into consideration that a person imprisoned in the Department of Corrections may earn "good time credits" (Article 6184*l*) and may be eligible for parole after

having credit for ⅓ of his sentence? Do you counter with the fact that, although a 10 year probationer at any time during the period may have his probation revoked and be called upon to serve his 10 year sentence, such probationer may also (1) successfully serve his 10 year probation, or (2) if revoked, may have the time to be served reduced (Article 42.12, Sec. 8, Vernon's Ann. C.C.P.), or (3) may upon successful completion of two years or ⅓ of his probationary period have probation terminated (Article 42.12, Sec. 7, Vernon's Ann.C.C.P.)? It would be easy to get into never-never land.

by the judge at the first trial except in those instances noted in *Pearce*. The court found, however, that *Pearce* was not to be applied retroactively and that McCulley's second trial occurred prior to *Pearce*. Nevertheless, the holding in *McCulley* as to the procedure to be used after the date of the *Pearce* decision is in accord with the majority opinion on original submission in the instant case.

 In the instant case the punishment assessed by the judge was three (3) years for the offense of defrauding by a worthless check. Upon retrial, after granting appellant's motion for new trial, the court assessed punishment at five (5) years for the same offense. The judge made no affirmative showing for his reasons for increasing the penalty as required by *Pearce*. Thus, at that point the procedure was in violation of *Pearce*. Does the granting of probation for five (5) years cure such constitutional error? We think not.

Remaining convinced that the correct results were reached on original submission, the State's motion for rehearing is overruled.

### DISSENTING OPINION ON STATE'S MOTION FOR REHEARING

DOUGLAS, Judge.

The majority still holds that five years of probation is more punishment than three years in the penitentiary. The majority is correct in that five years are more than three years. But this is like saying that five pennies are worth more than three dollars. Five blows in a spanking would be more punishment than three blows provided they are uniformly applied. Which would be greater: five soft blows applied with a folded newspaper by a compassionate mother or three hard blows applied with a razor strap by an enraged father? Measured at the time punishment is assessed, five years of probation would not be more punishment than three years' confinement.

When probation was revoked and the sentence was executed, appellant's time of confinement was increased because he had committed several other offenses. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, relied upon by the majority, has been misapplied by the majority because there was new conduct that could be considered. Such was not the case in *North Carolina v. Pearce*. There was no vindictiveness by the trial judge when he assessed or revoked probation.

No error has been shown. The State's motion for rehearing should be granted and the judgment affirmed.

ROBERTS, J., joins in this dissent.