**Sanford James McCULLOUGH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 07–81–0141–CR.

Court of Appeals of Texas, Amarillo.

Feb. 3, 1983.

Rehearing Denied March 18, 1983.

Mann & McConnell, John Mann, P.C., Amarillo, for appellant.

Randall Sherrod, Dist. Atty., Dean C. Watson, Asst. Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

Appellant was convicted of murder, § 19.02, Tex.Penal Code Ann. (Vernon 1974), and sentenced to 50 years in the penitentiary. He contends the trial court erred when it (1) refused to grant his motion for change of venue, (2) admitted bloody photographs of his victim, and (3) imposed a greater sentence on retrial than was imposed by the jury when appellant was first tried·for the crime. We reform and affirm.

In September, 1980, appellant was convicted of murder and assessed 20 years in the penitentiary by a jury. Subsequently, appellant's motion for new trial was granted and he was tried again in December, 1980. At the second trial, the question of guilt was again tried before a jury, but appellant permitted the trial judge to assess punishment. The judge, who had also presided at the first trial, assessed 50 years in the penitentiary.

In the interim between the first and second trial, appellant moved for a change of venue under art. 31.03, Tex.Code Crim.Pro. Ann. (Vernon Supp.1981), with supporting affidavits, alleging that there was so great a prejudice against him in the county that he could not obtain a fair trial. The State controverted the motion and the trial court heard evidence from various witnesses. The State presented evidence that appellant could receive a fair trial in the county and appellant presented evidence that he could

not. Appellant also introduced evidence of news media coverage of the crime and his first trial and conviction. The trial court's denial of his motion is the basis for his first ground of error.

Where, as here, the propriety of a change of venue is contested, the trial court's resolution of the dispute on its merits after a hearing will be reversed only if the court abused its discretion. *McManus v. State*, 591 S.W.2d 505, 516 (Tex.Cr.App. 1980). When conflicting evidence on the issue is presented, the court seldom abuses its discretion by denying the motion, *Chappell v. State*, 519 S.W.2d 453, 457 (Tex.Cr. App.1975), even if the case has been publicized by the news media. *Morris v. State*, 488 S.W.2d 768, 771 (Tex.Cr.App.1973).

In this case, we find no error in the denial of the motion. Credible conflicting evidence was presented and the trial court resolved the conflict against appellant. By doing so, it did not abuse its discretion. Ground of error one is overruled.

By his second ground, appellant contends the trial court erred in admitting seven photographs. The color photographs depict the victim's cuts and wounds and the murder scene, the victim's bedroom, in vivid and gruesome detail.

Appellant advances two arguments against the admissibility of the photographs. First, he says, they were not material because the defense stipulated that the victim was stabbed to death. Second, assuming some of the photographs were admissible, appellant argues that others were cumulative, and introduced only to inflame and prejudice the jury.

In *Martin v. State*, 475 S.W.2d 265, 267 (Tex.Cr.App.1972), the general rule for admission of photographs in a criminal case is stated:

> We hold that if a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal descrip-

tion of the body and the scene would be admissible, a photograph depicting the same is admissible. (Footnotes omitted.) Accord: *Terry v. State*, 491 S.W.2d 161, 163 (Tex.Cr.App.1973).

■ The trial court did not abuse its discretion by admitting the photographs. First, the appellant cannot, by stipulating the cause of death, deprive the State of the duty and function of presenting all relevant evidence to the jury, "nor avoid facing the full facts of the crime." *Harrison v. State*, 501 S.W.2d 668, 669 (Tex.Cr.App. 1973).

■ Likewise, we do not agree that some of the photographs were merely cumulative and used solely to inflame and prejudice the jury. The photographs are extremely unpleasant to observe, but that does not make them inadmissible. *Martin v. State, supra.* The first four depict the victim or the scene from different angles and perspectives and aid the fact finder in understanding what occurred at the scene. The last three show the victim after the blood had been cleaned off the body, and aid the fact finder in understanding the medical testimony. Thus, each photograph is material, competent and relevant, depicts matters verbally describable, and clarifies or aids in the understanding of other evidence. Ground of error two is overruled.

■ By his third ground, appellant attacks the punishment assessed on retrial. After the jury assessed twenty years imprisonment in his first trial, appellant moved for a new trial and the State, apparently unhappy because only twenty years was assessed, agreed with the appellant that a new trial should be granted. The trial court then granted the motion. Upon retrial, appellant permitted the trial judge to assess punishment and she assessed 50 years imprisonment. In this court, appellant says the increased punishment violates the constitutional principles stated in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We agree.

In *Pearce*, the Supreme Court found no constitutional impediment *per se* to the imposition of greater punishment on retrial of a defendant. It was concerned, however, with the possibility that greater punishment on retrial would be assessed solely to penalize a defendant who had successfully sought a new trial. To prevent that occurrence, the Court established a new rule for state courts, in the following language:

Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant *be freed* of apprehension of such a retaliatory motivation on the part of the sentencing judge.

In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. *Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.* And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

395 U.S. at 725, 89 S.Ct. at 2080. (Last emphasis added.)

Later, in *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), the Supreme Court limited *Pearce* to cases where the judge determines punishment, by holding that a jury can impose greater punishment upon retrial "so long as the jury is not informed of the prior sentence and the second sentence is not

otherwise shown to be a product of vindictiveness." 412 U.S. at 35, 93 S.Ct. at 1987.[1b]

As it must, our Court of Criminal Appeals has followed *Pearce* and *Chaffin*. In *Miller v. State*, 472 S.W.2d 269 (Tex.Cr. App.1971), it held that a judge imposed penalty of 99 years, given on retrial after the jury in the first case had assessed 40 years, was illegal when not supported by the affirmative justification required by *Pearce*. It applied the same rule and found unassigned error in *Bingham v. State*, 523 S.W.2d 948, 949 (Tex.Cr.App. 1975), when the second judge, who assessed greater punishment, did not try the case the first time but was aware of the punishment assessed by the first judge and did not affirmatively support the sentence with the required data. Finally, in *Ex parte Bowman*, 523 S.W.2d 677 (Tex.Cr. App.1975), the judge assessed greater punishment on retrial but filed findings of fact in which he attempted to justify the longer sentence. The essence of his findings was that additional evidence at the second trial about the violent nature of the crime and the defendant's prior record justified a longer sentence. In remanding the case for reassessment of punishment consistent with *Pearce*, the court commented, "None of the factors which the trial judge listed as the basis for his increased punishment occurred after the time of the original sentencing." 523 S.W.2d at 679.

The effect of the foregoing authorities on the sentence in this case is obvious. There is no evidence in the record before us of "identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." The trial judge made extensive findings in support of her action but, as in *Bowman*, those properly supported by the evidence relate to the original crime, not to defendant's subsequent conduct. Thus, the increased sentence was imposed in violation of *North Carolina v. Pearce*.[2] Ground of error three is sustained.

Appellant does not request a remand, asking instead that we reform the judgment to reflect a sentence of 20 years. Because that is the maximum sentence that can be imposed consistent with *Pearce*, the request is granted, the judgment is reformed to assess punishment of twenty years in the Texas Department of Corrections and the sentence is reformed to provide that appellant shall be confined in the Texas Department of Corrections for an indeterminate term of not less than 5 nor more than 20 years.[3] As reformed, the judgment is affirmed.

## ON MOTION FOR REHEARING

In a well-reasoned brief in support of its motion for rehearing, the State suggests we erred in applying the principles of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), to the facts of this case. While we are satisfied that our conclusions were correct, and observe that most of the State's arguments were answered either directly or inferen-

---

**1.** Although *Pearce* places the burden on the trial judge to prove that greater punishment on retrial was based on post-first-trial acts by the defendant, and was not the result of vindictiveness, (and conclusively presumes vindictiveness unless the sentence is properly justified), 395 U.S. at 725, 89 S.Ct. at 2080, *Chaffin* places the burden on the defendant to prove that the retrial jury was vindictive. 412 U.S. at 35, 93 S.Ct. at 1987.

**2.** This case demonstrates the excessive scope of *Pearce*. The trial judge filed detailed and valid reasons for the heavier punishment and there is nothing in the record to indicate that the increased punishment resulted from vindictiveness. However, the reasons affirmatively supported by evidence are based on events occur-

ring during or after the crime but before the first trial. Although those matters were not brought out at the first trial, they cannot be used to increase punishment because none occurred *after* the first trial. Thus, the Supreme Court has established a conclusive presumption that the judge is vindictive if increased punishment is not based on post-first-trial acts by the defendant.

**3.** Because we are reforming a sentence entered prior to repeal of the indeterminate sentence law, compare art. 42.09 § 1, Tex.Code Crim.Pro. Ann. (Vernon 1979), with art. 42.09 § 1, Tex. Code Crim.Pro.Ann. (Vernon Supp.1981), we have imposed the indeterminate sentence that should have been imposed by the trial court.

tially in our original opinion, two matters require additional discussion.

 The State argues that this case materially differs from *Pearce* because this appellant was granted a new trial by the trial judge, not by an appellate court. Although that is a difference, it is not a distinction. The purpose of *Pearce* is to forbid vindictiveness against a defendant who successfully pursues post-conviction remedies. As quoted from *Pearce* in our original opinion, due process "requires that vindictiveness against a defendant *for having successfully attacked his first conviction* must play no part in the sentence he received after a new trial." 395 U.S. at 725, 89 S.Ct. at 2080 (Emphasis added.) It is immaterial whether the new trial is obtained by an order from the trial court or by a judgment of an appellate court; the principles stated in *Pearce* still must be observed on retrial.

 The State also contends, alternatively, that the trial judge complied with *Pearce* because her findings pinpoint identifiable conduct of the defendant occurring after the first sentencing proceeding. Specifically, says the State, she found an absence of remorse and indications of a life style by appellant that justified a greater sentence. Assuming *arguendo* that those findings articulate the kind of identifiable conduct contemplated by *Pearce,* we are unable to discern any evidence, i.e., "objective information," in the record affirmatively establishing the occurrence of those matters within the requisite time frame. As previously discussed, *Pearce* requires (1) objective information (2) of identifiable conduct (3) by the defendant (4) occurring after the time of the original sentencing proceeding. 395 U.S. at 725, 89 S.Ct. at 2080. Element (4), at least, was not proven.

We have carefully considered all matters raised by the State in its motion for rehearing, but are satisfied we have correctly applied precedents we are required to follow. The motion for rehearing is overruled.