Criminal Case Template




COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



BRENDA ANN MILLER,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-02-00036-CR


Appeal from the


195th District Court


of Dallas County, Texas


(TC# F-0044909-N)


MEMORANDUM OPINION



 Brenda Ann Miller pleaded guilty to robbery. In accordance with a plea
agreement, the trial court deferred the adjudication of guilt and placed her on probation
for two years. The State later filed a motion to proceed with an adjudication of guilt. 
Miller pleaded not true to the allegations in the State's motion. The trial court found the
allegations true, adjudicated her guilty, and sentenced her to eight years' confinement. 
Miller appeals from the judgment adjudicating her guilty. We affirm.

Discussion

 In her sole point of error, Miller argues that the trial court abused its discretion by
imposing a severe sentence upon adjudicating her guilty. She asserts that the increase in
punishment from two years of probation to eight years of confinement is so great that the
trial judge should have made specific findings to justify the increase. We have
jurisdiction to consider this issue because it is unrelated to Miller's conviction. See
Kirtley v. State, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001) (holding court of appeals
had jurisdiction over issue of ineffective assistance of counsel at punishment hearing);
Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001) (holding court of appeals
had jurisdiction over issue of failure to provide separate punishment hearing); Williams v.
State, 91 S.W.3d 460, 461-62 (Tex. App.--Amarillo 2002, no pet. h.) (holding court of
appeals had jurisdiction over issue of failure to consider full range of punishment); Smith
v. State, 52 S.W.3d 475, 476-77 (Tex. App.--Corpus Christi 2001, pet. ref'd) (holding
court of appeals had jurisdiction over issue of denial of opportunity to present mitigating
evidence).

 Miller did not object to the severity of her sentence at the punishment hearing, nor
did she raise this issue in her motion for new trial. Therefore, the issue is waived. See
Tex. R. App. P. 33.1(a); Hull v. State, 67 S.W.3d 215, 217-18 (Tex. Crim. App. 2002);
Solis v. State, 945 S.W.2d 300, 301-02 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd).

 Even if the issue were not waived, we would consider it to be without merit. 
Miller relies on a line of cases that restrict the ability of a trial judge to impose a harsher
sentence after a new trial has been granted. See Wiltz v. State, 863 S.W.2d 463, 464 (Tex.
Crim. App. 1993); Ex parte Bowman, 523 S.W.2d 677, 679 (Tex. Crim. App. 1975);
Lechuga v. State, 532 S.W.2d 581, 582 (Tex. Crim. App. 1975); Sterling v. State, 791
S.W.2d 274, 277-78 (Tex. App.--Corpus Christi 1990, pet. ref'd). These cases do not
apply here. It is well established that upon the revocation of deferred adjudication
probation, the trial court may sentence a defendant to any term within the statutory limits. 
See Von Schounmacher v. State, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999). Miller was
admonished regarding this rule when she entered her plea of guilty. The eight-year
sentence imposed by the trial court fell within the statutory limits. See Tex. Pen. Code
Ann. §§ 12.33(a), 29.02 (Vernon 2003).

Conclusion

 For the reasons stated herein, the judgment of the trial court is affirmed.


 SUSAN LARSEN, Justice

March 6, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)