

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,167

### EX PARTE CARL EDDIE MILLER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1010226-A IN THE 299TH JUDICIAL DISTRICT COURT
### FROM TRAVIS COUNTY

JOHNSON, J., delivered the opinion of the Court in which PRICE, WOMACK, HOLCOMB, and COCHRAN, JJ., joined. KEASLER, J., filed a dissenting opinion in which KELLER, P.J., and HERVEY, J., joined. MEYERS, J., did not participate.

### OPINION ON REHEARING

We granted rehearing to address the state's assertions that the Court erred in its opinion on original submission.

> 1) The Court erred by imposing unwarranted limitations on the State's ability to rebut the *Pearce*[1] presumption of vindictiveness with evidence of conduct predating the first punishment hearing.
> 2) The *Pearce* presumption of vindictiveness may be rebutted by evidence of conduct predating the first punishment hearing.
> 3) Case law relating to prosecutorial vindictiveness is inapplicable here.
> 4) The State should not have been required to present evidence justifying an increase in the sentence.

---

[1] *North Carolina v. Pearce*, 375 U.S. 711 (1969).

We affirm our earlier holding on original submission. Applicant is entitled to a new appeal challenging the sufficiency of the evidence to support his thirty-year sentence. Should applicant desire to prosecute an appeal, he must take affirmative steps to see that notice of appeal is given within thirty days after the date the mandate of this Court has issued. All other requested relief is denied.

**Facts**

Applicant, Carl Eddie Miller, was charged with murder for the stabbing death of Terry Burleson. Based on two prior convictions, the state sought to enhance applicant's sentence under the habitual-offender statute, TEX. PENAL CODE § 12.42. However, while the state had provided evidence of the two convictions, the state failed to provide evidence that the act giving rise to the second conviction occurred after the first conviction was final, as required by the habitual-offender statute. TEX. PENAL CODE § 12.42.

The jury convicted applicant of murder. The trial judge found that the habitual-offender enhancement was true and sentenced applicant to thirty years in prison. Applicant's appellate counsel failed to challenge the sufficiency of the evidence to prove that applicant was subject to sentencing as a habitual offender, and the court of appeals affirmed the conviction.

More than five years later, applicant filed an application for post-conviction writ of habeas corpus in the trial court, claiming that both trial counsel and appellate counsel had provided ineffective assistance of counsel. He asserted ineffectiveness by appellate counsel for failing to raise insufficiency of the evidence to support the habitual-offender enhancement. The habeas court held a hearing, at which trial counsel testified that the prior convictions were in the required sequence, and the state offered an offense report that confirmed that the prior convictions satisfied the required

sequence. After that hearing, the habeas court made a specific, undisputed factual finding that appellate counsel had provided ineffective assistance because "[a]ppellate counsel did not contest the legality of applicant's sentence." *Ex parte Miller*, *supra* at *31.

We denied relief on applicant's claim of ineffective assistance of trial counsel but, based upon the habeas judge's factual findings and the applicable law, we concluded that applicant is entitled to relief on his claim of ineffective assistance of appellate counsel. The issue was not whether the state could have proved proper sequence at trial, but whether it, in fact, did so. Finding that the state did not so prove during trial, we granted relief on that claim and held that applicant is entitled to a new appeal to challenge the sufficiency of evidence to support his thirty-year sentence.

Finding, as did the habeas court on the issue of proper sequencing of prior offenses, that appellant would necessarily prevail in the court of appeals, we noted that, while a retrial for punishment could result in a reduced sentence, such retrial could not result in a greater sentence because of the presumption of judicial vindictiveness that would have then arisen. Because of that presumption, appellate counsel was ineffective by failing to raise that issue on appeal.[2] We followed our precedent that, in order to refute a presumption of judicial vindictiveness in a new punishment hearing, the state must present new evidence that would justify an increased sentence: "the trial judge could not sentence applicant to a greater term of years after a successful appeal unless there was objective evidence in the record to support an increased sentence." *Ex parte Miller*, ___ S.W.3d ___, ___, 2009 Tex. Crim. App. LEXIS 1486, *39 (Tex. Crim. App. 2009)(opinion on original submission). We also pointed out that a trial judge may increase a defendant's prior sentence on

---

[2] Trial counsel was not ineffective, even though he knew that the sequence of the priors was proper. If he had objected at trial, the state would have remedied that lack of proof.

remand following an appellate reversal of his original sentence after a full trial if the increase is based on (1) conduct occurring after the first sentence was imposed or (2) new evidence of which the state was unaware and could not, with the exercise of due diligence, have offered at the first sentencing hearing. If, after a successful appeal and reversal, the state did not offer evidence at a new punishment hearing of such post-sentencing bad conduct or any other evidence supporting an increase in the sentence, the well-settled doctrine of "judicial vindictiveness" would have precluded the trial judge from sentencing applicant to a greater term of years. *Id*. at *38-39, ___ S.W.3d at ___.

## Arguments of the State on Rehearing

The state contends that applicant's appellate attorney, Mr. Kohler, had a strategic reason for not challenging the sufficiency of the evidence supporting the second prior conviction and argues that, because the sentence of 30 years' imprisonment was on the lower end of the punishment range for habitual offenders, Mr. Kohler may not have wanted to challenge the judgment for fear that the court would increase the sentence following a retrial for punishment.

The state asserts that, in fact, the sentence could have been increased and that requiring the state to submit evidence that would justify an increased sentence improperly shifts the burden of disproving the issue of ineffective assistance of counsel to the state. Additionally, it asserts that, even if such proof were necessary, evidence sufficient to justify an increased sentence should not have been limited to evidence of conduct arising after the first punishment hearing. The state further argues that cases relating to prosecutorial vindictiveness do not apply to this case.

## Analysis

### The *Pearce* presumption of vindictiveness may be rebutted by evidence of conduct predating the first punishment hearing

The state is correct in stating that it may rebut a presumption of judicial vindictiveness with

evidence predating the first punishment hearing, but not all such evidence may be used. *See Pearce* at 726*; Hood v. State*, 185 S.W.3d 445, 448-50 (Tex. Crim. App. 2006). Our original holding in this case acknowledged that a trial court may increase a defendant's prior sentence on remand after an appellate reversal of his original sentence if "new evidence of which the State was unaware and could not, with the exercise of due diligence, have offered at the first sentencing hearing" was presented to it. *Ex parte Miller*, *supra* at *38.[3] Our original opinion did not limit evidence to conduct arising after the first punishment hearing; it set out the conditions under which evidence that predates the first punishment hearing may be used at a subsequent punishment hearing. If evidence of other wrong-doing was known to the state at the time of the original sentencing, or could have been discovered with the exercise of due diligence, it may not be used as the basis for increasing a sentence after a successful appeal. To allow such known, but unoffered, evidence to be used at a later proceeding to increase a sentence would permit the state to "lie behind the log." Thus, under our precedent, at retrial proof of the required sequence of the prior convictions could be used to establish habitual-offender status, but not to increase the original sentence, as the sequence of the convictions was easily established and was known to the state and its agent, the prison system, at the time of the first punishment hearing.

**The Court erred by imposing unwarranted limitations on the state's
ability to rebut the *Pearce* presumption of vindictiveness with
evidence of conduct predating the first punishment hearing**

The state contests the limitation that the evidence must be evidence of which the state was unaware and which could not have been offered at the first sentencing hearing. It maintains that any

---

[3] One such circumstance might be when the state discovers, after the first trial, that the defendant has a criminal record under a different name in another state.

new objective information that would justify an increased sentence may be used to refute a presumption of judicial vindictiveness. However, if information was available to the state at the time of the original trial, it is not "new."

In *Texas v. McCullough*, the Supreme Court of the United States used a broad standard, determining that "[n]othing in the Constitution requires a judge to ignore 'objective information . . . justifying the increased sentence.'" *Texas v. McCullough*, 475 U.S. 134, 142 (1986) (citing *United States v. Goodwin*, 457 U.S. 368, 374 (1982)). Furthermore, in *McCullough* the Supreme Court noted that an increased sentence was justified by the fact that, on rehearing, the judge was made aware that McCullough had committed the murder just four months after being released from prison. *Id.* at 144. That information was not presented to the original sentencing jury. *Id.*[4]

We find no reason to alter our holding on original submission, as the state was under no limitation in the initial punishment hearing nor did we impose limitations on the evidence the state could present on remand. Because dates of release from prison are readily available to the state, the state should have been aware of that evidence or could have, with the exercise of due diligence prior to the trial, obtained and presented it. At no point during the trial did the state present any evidence that would refute a claim that the sequence of the alleged prior convictions did not satisfy the applicable statute. Thus, such evidence may not be used to justify an increased sentence at a new punishment hearing.

**Case law relating to prosecutorial vindictiveness is inapplicable here**

We cited the prosecutorial-vindictiveness cases and post-appeal cases to the extent that they

---

[4] We note that the original sentencer in *McCullough* was the jury. The second sentence was assessed by the judge. The Supreme Court found that the *Pearce* presumption was "inapplicable because different sentencers assessed the varying sentences that McCullough received. In such circumstances, a sentence 'increase' cannot truly be said to have taken place." *McCullough*, at 475 U.S. 140. The original sentencer here was the judge.

also apply *Pearce* and restate general principles of pre-existing law applicable to this case. We note that we did not rely on the cases complained of, *Hood v. State*, 185 S.W.3d 445 (Tex. Crim. App. 2006), and *Neal v. State*, 150 S.W.3d 169 (Tex. Crim. App. 2004), which were cited only in footnotes in order to set out the state's burden of proof after a reversal on appeal. The cases in question were not misapplied in this case.

### The state should not have been required to present evidence justifying an increase in the sentence

The main issue in this motion for rehearing is whether an increased sentence could result from a retrial on punishment only. If it could result in an increased sentence, then the state is entitled to the strong presumption that applicant's appellate attorney was exercising strategic judgment in failing to raise sufficiency as to the habitual-offender enhancement. However, an increased sentence is barred by the presumption of judicial vindictiveness if the case will be heard by the same judge on remand. *See McCullough*, 475 U.S. at 140 n.3. As with any presumption, the opponent of the presumption bears the burden of rebutting it. *See e.g., Ocon v. State*, 284 S.W.3d 880 (Tex. Crim. App. 2009)("Second, if a violation of the statute is shown, then harm is presumed, and the State bears the burden of rebutting that presumption."); *Fletcher v. State*, 214 S.W.3d 5 (Tex. Crim. App. 2007)("We will not permit the State to relieve its burden by requesting that a court of appeals take judicial notice of a mandate . . . where the State had the opportunity to introduce that mandate at the punishment phase. To do so would not only deprive a defendant of the opportunity to rebut the State's evidence, but would also allow the State to circumvent its burden at trial.") Unless the presumption of judicial vindictiveness is refuted by additional evidence, an increased sentence cannot result from a retrial on punishment only, and therefore the appellate attorney committed error by failing to raise the issue of the insufficiency of the evidence of the required sequence of the

alleged prior convictions. *Jackson v. State*, 766 S.W.2d 518 (Tex. Crim. App. 1988)(modified on other grounds on remand from U.S. Supreme Court, *Jackson v. State*, 766 S.W.2d 518 (Tex. Crim. App. 1988)); *Ex parte Felton,* 815 S.W.2d 733 (Tex. Crim. App. 1991)(failure to challenge void prior conviction used to enhance punishment rendered counsel ineffective). Again, the issue is not whether trial counsel or appellate counsel knew that the state could prove the required sequence; the issue was whether the state did, in fact, prove the required sequence.

The presumption of judicial vindictiveness "derives from the judge's 'personal stake in the prior conviction[.]'" *McCullough*, 475 U.S. at 140 n.3 (quoting *Chaffin v. Stynchcombe*, 412 U.S. 17, 27 (1973)). Generally, a defendant is not entitled to the *Pearce* presumption of vindictiveness if the subsequent sentence is assessed by a different judge. *Jackson v. State*, 766 S.W.2d at 521; *Washington v. State*, 127 S.W.3d 197, 205 (Tex. App.–Houston [1ˢᵗ Dist.] 2003, pet. dism'd). But in *Bingham v. State*, 523 S.W.2d 948, 949 (Tex. Crim. App. 1975), we applied the presumption of vindictiveness because a different judge, who was aware of the prior proceedings and knew of the previously assessed punishment, assessed a longer sentence. Vindictiveness of a sentencing judge is what is to be prevented, not justifiably increased sentences after a new trial. *McCullough*, *supra* at 138.

But even "[w]here the prophylactic rule of *Pearce* does not apply, the defendant may still obtain relief if he can show actual vindictiveness upon resentencing." *Id*. (citing *Wasman v. United States*, 468 U.S. 559, 569 (1984)). "[W]here the presumption applies, the sentencing authority or the prosecutor must rebut the presumption that an increased sentence or charge resulted from vindictiveness; where the presumption does not apply, the defendant must affirmatively prove actual vindictiveness." *Wasman v. United States*, 468 U.S. at 569. In light of that presumption, the state

must disprove the presumption of judicial vindictiveness either by providing proof that a different, uninvolved judge will hear the case on remand or by providing proof of "new objective information" sufficient to justify an increased sentence.

## Holding

As we said on original submission, applicant's appellate counsel was ineffective because he did not raise a claim that would have, at the least, resulted in a retrial on punishment with the possibility of a lesser sentence and no possibility of a greater sentence. The possibility of a greater sentence is barred by the presumption of judicial vindictiveness. In order to rebut that presumption, the state must introduce new objective information, from before or after the original punishment hearing, that would justify an increased sentence. "New" means evidence that was unknown to the state at the time of the first punishment hearing and that could not have been discovered by the state using due diligence at that time. Alternatively, the state could offer evidence that the case would not be heard by the same judge on remand.[5] When it does neither, the presumption of judicial vindictiveness remains.

We affirm our holding on original submission. Applicant is entitled to an out-of-time appeal of the sufficiency of the evidence to support his thirty-year sentence. Should applicant desire to prosecute an appeal, he must take affirmative steps to see that notice of appeal is given within thirty days after the mandate of this Court has issued. All other requested relief is denied.

Delivered: September 22, 2010
Publish

---

[5] In this case, this option is easily elected, as the judge who occupied the bench in 2001 retired in 2006, and the current judge will leave office at the end of his term in December, 2010.